SUPREME COUNCIL CATHOLIC KNIGHTS OF AMERICA *vs.* PATRICK FITZPATRICK, JR., ET AL.

DECEMBER 17, 1907.

PRESENT: Douglas, C. J. Dubois, Johnson, and Parkhurst, JJ.

(1) *Interpleader. Beneficial Orders.*

The charter of a beneficial order specified as one of its objects the establishment of a benefit fund from which a sum should be paid, at the death of each member, " to his family or be disposed of as he may direct."

The constitution of the order provided for the establishment of a benefit fund, from which a sum should be paid to the beneficiaries "as he or she may have directed in his or her benefit certificate":—

*Held,* that this gave the member the power of absolute direction to what person the payment should be made, and that it was not limited to a member of his family.

(2) *Beneficial Orders. Insurance.*

*Held,* further, that, even if the organization in issuing the certificate with a beneficiary other than a member of the family transgressed the limits of its powers, still, under provisions of Gen. Laws cap. 182, § 17, the contract would be valid.

BILL OF INTERPLEADER. Heard on appeal from decree of Superior Court, and decree affirmed

DOUGLAS, C. J. This is a bill of interpleader brought to determine the ownership of a fund of $2,000 paid into court by the Supreme Council of the Catholic Knights of America as the proceeds of a benefit certificate issued to William Quinn, a member of a local branch of that order, payable at his death.

The claimants are Patrick Fitzpatrick, Jr., who is named as beneficiary in the certificate, on the one part, and the children of Quinn on the other.

The evidence shows that Quinn, being embarrassed pecuniarily and being in arrears for his dues to the order, after negotiations with Fitzpatrick and others, sold his interest in the benefit certificate which he held, in which his wife, then deceased, was named as beneficiary and, with the approval of the local branch, surrendered it, and thereupon the Supreme

Council issued the certificate now under consideration, in which, at Quinn's request, Fitzpatrick was named as beneficiary.

On receipt of the certificate Fitzpatrick paid Quinn $150 in money, paid to the local branch the dues in arrears, and agreed to pay all future dues during the lifetime of Quinn and to pay the further sum of $100 for his funeral expenses, or, if the expenses should be less than $100, then the balance of that sum to Quinn's heirs. These obligations have been fulfilled.

The counsel for the heirs of Quinn contends that the transaction by which Fitzpatrick was constituted the beneficiary was void, and hence that the fund belongs to the heirs. He argues that the certificate is void under the charter and constitution of the corporation and by the laws of Rhode Island.

In the first contention he is refuted by the documentary evidence in the case. The charter of the order in force at the time of this transaction specifies as one of the objects of the order, "to establish and maintain a benefit fund, from which a sum not to exceed five thousand dollars shall be paid at the death of each member to his family, or be disposed of as he may direct."

The constitution provides (Part 6): "The objects of the order shall be to establish a Benefit Fund, from which, on satisfactory evidence of the death of a beneficiary member of the order, a sum not exceeding two thousand dollars shall be paid to the beneficiaries of male members, and a sum not exceeding one thousand dollars shall be paid to the beneficiaries of female members, as he, or she, may have directed in his or her Benefit Certificate."

(Par. 165.)   "Each member, at his initiation into the Order, shall have a Benefit Certificate issued to him free of charge. Each member may enter upon his application the name, or names, of the members of his family, or those to whom he desires the benefit paid, and they shall be entered in the Benefit Certificate according to said direction, and in accordance with Paragraph 6. A member may at any time, when in good standing, change his beneficiary, upon complying with the requirements hereinafter provided, and upon surrender of his Benefit Certificate and payment of a fee of fifty cents," &c.

(1)    This language plainly gives to the member to whom the certificate is issued the right to nominate a beneficiary either in his family or outside of it. The argument of counsel, that the words should be construed to give the option of choice only among the member's family so long as he leaves blood relations, is fanciful and unconvincing.

In discussing very similar provisions in *Highland* v. *Highland,* 109 Ill. 366, the court say (p. 374): "No doubt it is an object to provide a widows' and orphans' benefit fund, and it will remain as such a fund, unless the member directs to the contrary. But notwithstanding the description as a 'widows' and orphans' fund,' it is equally the purpose that the member should have the power of directing to whom payment of his benefit should be made, as that the fund should be for the benefit of his family. The language that the sum shall be paid to the member's 'family, or as he may direct,' gives to him in the most plain terms, the power of absolute direction to what person or persons the payment shall be made. Evidently the language of the charter will not bear the construction which appellant's counsel would place upon it."

The same construction is adopted in *Gentry* v. *Supreme Lodge,* 23 Fed. Rep. 718; *Independent Order* v. *Allen,* 76 Miss. 326, 333; *Delaney* v. *Delaney,* 175 Ill. 187; *Supreme Lodge K. of H.* v. *Martin,* 16 Phila. 97; *Sabin* v. *Phinney,* 134 N. Y. 423; *Berkeley* v. *Harper,* 3 App. Cases, Dist. Columbia, 308; *Lamont* v. *Hotel Men's Mut. Ben. Ass'n.,* 30 Fed. Rep. 817; *Brown* v. *Brown,* 6 Miscel. 433, and many other cases.

"In all cases the member may have as broad a range of choice in selecting his beneficiary as the organic law of his society gives him. If there is nothing in the charter or by-laws of the organization, or in the statutes of the State, restricting the appointment, the member may designate whomsoever he pleases and no one can question the right." 1 Bacon, Benefit Societies, § 246.

(2)    The second branch of the argument of counsel for the Quinn heirs is, if we understand it, that the scope and intention of the establishment of the fund is the benefit of the family of the member; that the power of the organization in the manage-

ment and distribution of the fund is restricted to the promotion of the welfare of the member and his family and that when the order issues such a certificate as is now before us, it transgresses the limits of its legitimate powers and becomes in effect a simple life insurance company, and hence becomes liable to the provisions of the statutes which apply to such companies. Without discussing the merits of this argument we may say that, if the position is tenable, it does not nullify the contract.

Chapter 182, General Laws, "Of Foreign Insurance Companies and of the Insurance Business Generally," provides, sec. 17, as follows: "If any insurance company, co-operative or otherwise, shall make insurance without complying with the provisions of this chapter the contract shall be valid," &c.

We conclude, therefore, that the certificate as issued was valid under the organic law of the order and under the statutes of this State, and that the defendant Fitzpatrick is entitled to the fund in the registry of the court.

The appeal is dismissed, the decree of the Superior Court is affirmed, and the cause is remanded to the Superior Court for further proceedings

*Cooney & Cahill,* for complainant.

*Hugh J. Carroll,* for respondent Quinn.

*Gorman, Egan & Gorman,* for respondent Fitzpatrick.