## Barres v. Watterson Hotel Company.

(Decided October 17, 1922.)

### Appeal from Jefferson Circuit Court (Common Pleas, First Division).

1. Master and Servant—Workmen's Compensation Act—Maid Engaged at Hotel.—A maid engaged in the performance of regular duties in a hotel does not come within the domestic employment provided for in the act.

2. Master and Servant—Workmen's Compensation Act.—One engaged in industrial employment under the workmen's compensation act, and who has not left her place of employment at the close of the working day but is dressing and preparing to leave, is within the provisions of the act and entitled to recover.

3. Master and Servant—Maid Engaged in Service in Hotel Within Provisions of Workmen's Compensation Act.—A domestic working on an upper floor in a hotel is engaged in industrial employment, and although she changes her dress at the close of the day and prepares to leave the building and in doing so enters an elevator used by the hotel company for conveying its employes and for other purposes connected with the hotel to go to the first floor, and is injured in transit, her employment is not in abeyance and she cannot recover in a suit at law against the hotel company for its negligence, for such injury comes within the terms of the workmen's compensation act.

MORTON K. YONTS and O'DOHERTY & YONTS for appellant.

FRED FORCHT for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, Edith A. Barres, was a regularly employed maid at the Watterson Hotel in Louisville. At the close of the day's work she removed her apron and put on her street dress for the purpose of leaving the hotel on her way home. She was on one of the upper floors of the hotel. She entered an elevator operated by the hotel for carrying its employes and for other needs of the establishment, and started for the ground floor. In transit a large piece of metal fell from the top of the elevator shaft and struck appellant on the head, inflicting a severe injury, which caused paralysis of her body. She brought this action against the hotel company to recover fifty thousand ($50,000.00) dollars damages, alleging negligence on the part of the company. The company answered and denied the averments of negligence.

In the second paragraph it pleaded contributory negligence on the part of appellant and in the third paragraph it pleaded that both it and appellant had accepted the provisions of the workmen's compensation law and that the hotel company was, at the time of the injury as well as before and since, operating under the provisions of said act; that appellant had in writing accepted the provisions of the act, and having done so was not entitled to maintain this action for damages.

Appellant filed a general demurrer to the third paragraph of the answer, but the court overruled the demurrer. Appellant declining to plead further her petition was dismissed and she appeals.

The first section of the workmen's compensation act, now section 4880, Kentucky Statutes, in part reads: "This act shall apply to all employers having three or more employes regularly engaged in the same occupation or business, and to their employes, except that it shall not apply to *domestic employment,* agriculture, etc. . . . It shall affect the liability of the employers subject thereto and their employes for personal injuries sustained by the employe by accident arising out of and in the course of his employment. . . . "

It will thus be seen that the act specifically exempts from its operation "domestic employment," and it is the contention of appellant, (1) that she was engaged in such employment at the time of her injury, and that the demurrer should, for that reason, have been sustained to the third paragraph of the answer; (2) as she had finished her day's work and had resumed her street attire and the injury was received after her labors for the day had ended, the accident was not one arising out of and in the course of her employment; (3) she insists that even if her employment had not ceased when she stepped upon the elevator she then became a passenger entitled to all the protection of such persons in elevators and that her employment was in abeyance for the time being.

(1) If appellant was a domestic servant, engaged in domestic employment at the time of her injury within the meaning of the act, then the demurrer should have been sustained to the answer. But was she such servant? She was, to be sure, engaged in an employment or occupation similar in many of its aspects to that generally pursued by domestics in the home. We apprehend, however, that the business of running a hotel is industrial in its nature and not domestic in the general meaning of

that word. A large hotel like the Watterson employs a great number of persons under one management, all forces being directed to the accomplishment of one purpose—the accommodation of the traveling public by supplying rooms and entertainment. This is a business; it it not a mere incident to a business. The home is an institution, not an industry. In such an institution the services of a domestic is a mere incident. A hotel is a business or industrial undertaking where persons pursue a gainful occupation in itself complete and independent and not an incident to another business.

Lexicographers define "domestic" as a member of a household; inmate; one who lives in the family of another, a hired household assistant; a house servant; of or pertaining to one's house or home, or one's household or family relating to home life. Bouvier says that the term does not extend to a servant when employment is out-of-doors and not in the house. The work of a maid at a hotel like the Watterson while somewhat similar to the duties of a maid in a home, is an employment required in carrying on a commercial enterprise, an industry, and is therefore industrial in its essence and nature and must be regarded as coming within the provisions of the workmen's compensation act. It has been held that a page boy in a hotel who sleeps on the premises and who is principally employed as a messenger, partly also to assist in dusting the reception rooms, is not within the exception but is engaged industrially and comes within the provisions of the act. Savoy Hotel Co. v. London County Council, 1 Q. B. 665. In the case of Cook v. Dodge, reported in 6 La. Ann. 276, it was held that those who receive wages and stay in the house of a person paying and employing them for services or that of his family are domestics. On the other hand, it has been held that the work of taking up carpets and mattings, and of cleaning walls, transoms, and curtains, is a necessary part of the business of keeping the rooms and hallways of a lodging house in a state of cleanliness and good order, so that an employe, injured while engaged in that work, is in the usual course of the trade, business, profession, or occupation of the employer who conducts the lodging house. 28 R. C. L., p. 769; Walker v. Industrial Commission, 177 Cal. 737.

A girl employe, combing particles of wool from her hair at the close of the day's work, preparatory to going out, who was injured by her hair catching in the moving

machinery, was held to be entitled to compensation and that the injury arose out of the employment. Terl Terlecki v. Strauss, 85 N. J. L. 454. See Dosker's Compensation Law, p. 33.

The home is maintained as an abiding place, and the servants at the home help to make it habitable; but persons employed in manufacturing establishments or large hotels, which places are conducted for gain, are not domestic servants within the meaning of the workmen's compensation act, but are employed in industry and do come within the meaning and avowed purposes of the act.

(2) An employe on the premises of the master at the close of the day, while dressing or otherwise preparing to leave the premises, and while leaving the premises in the usual way, is in the course of his employment. In the case of Hollenbach v. Hollenbach, 181 Ky.262, it was held that Hollenbach, who was employed in bottling liquors for a wholesale liquor concern and who had finished his work for the day and was washing himself preparatory to leaving the master's premises for the night when he came in contact with an electric wire at the wash basin and was killed, was in the course of his employment and his dependents were allowed compensation under the workmen's compensation act. As it was necessary for appellant to enter or leave the premises of the hotel company in the performance of her duties, and her duties did not cease until she was off the premises of her employer, it is clear that she was at the time of her injury in the course of her employment within the meaning of the act. Dosker's Manual Compensation Law, pp. 96, 97, 98 and 99.

(3) Although appellant was a passenger on the elevator, yet as she was in the course of her employment with the hotel company the provisions of the act were as to her in full force and effect, and the mere fact that she was a passenger on the elevator did not change her relation to the master. So long as she was in the course of her employment she was, as to all accidental injuries to her which arose out of and in the course of her employment, subject to the provisions of the workmen's compensation law.

The demurrer being properly overruled it was not error for the trial court to dismiss the petition of appellant on her failure to further plead.

Judgment affirmed.