PETER ANDERSON v. SIGURD UELAND AND OTHERS.[1]

No. 30,766.

June 19, 1936.

*Shearer, Byard & Trogner* and *Ueland & Ueland,* for relators.

*Victor M. Petersen,* for respondent.

[1]Reported in 267 N. W. 517, 927.

DEVANEY, CHIEF JUSTICE.

Proceedings for compensation under the workmen's compensation act.

Peter Anderson, respondent, worked for many years for Andreas Ueland as a caretaker and gardener at Mr. Ueland's home on Lake Calhoun in Minneapolis. He prepared and attended to the gardens, the plantings, the lawn, the shrubbery, and did other outside work on the premises such as the seasonal repairing and changing of screens and storm windows, etc. He lived in an upstairs room in the garage on the premises.

Respondent worked regularly on this place three days or more each week during spring, summer, and fall for a period of approximately 28 years.

On July 30, 1933, Andreas Ueland, the employer, died. Relators were named as executors in the will and were duly appointed and qualified. They directed respondent to continue his work in the same manner as before and to render his bills monthly. Respondent did this, continuing to render the same service as before the death of Ueland.

On or about October 27, 1933, while repairing a window in the regular course of his employment, respondent cut his second finger just below the knuckle. Infection, loss of the finger, and other impairment of the hand resulted. After receiving the injury, respondent was considerably handicapped and did very little work. In the spring he was told not to do any more work about the premises. He has received no compensation of any kind since the date of the injury.

A petition for compensation was filed, and the proceeding was referred to a referee. The referee found that respondent was entitled to compensation totaling $968.22, together with medical and hospital expenses. The industrial commission affirmed the findings of the referee. The matter comes here on certiorari.

Only one question need be considered: Was respondent a domestic servant within the meaning of 1 Mason Minn. St. 1927, § 4268, and therefore not entitled to compensation?

Those excluded from the operation of the workmen's compensation act are listed in 1 Mason Minn. St. 1927, § 4268, the pertinent portion of which reads as follows:

"This act shall not be construed or held to apply to * * * domestic servants, farm laborers or persons whose employment at the time of the injury is casual, and not in the usual course of the trade, business, profession or occupation of his employer."

It is the contention of the relators that respondent is a domestic servant within the meaning of the above statute and therefore has no right to compensation.

Respondent has urged, and the commission has adopted, the view that a domestic servant is one who resides in the same house with his master; and one who lives without the house is not a domestic servant. Therefore, it was held that as respondent dwelt in the garage on the premises he was not a domestic servant within the meaning of the quoted statute. Under this definition the only important circumstance is the employe's place of abode. The type of work or its relation to the home is not a distinguishing factor.

This distinction dates back to Blackstone and other ancient authorities on the common law of England. It was said that a domestic servant must live *"intra moenia"* or "within the walls." It had its origin in feudal conditions, which no longer exist and which never have existed in Minnesota.

It must be conceded, however, that this view is not without some support. The dictionaries, legal and otherwise, are quite unanimously in accord with respondent's contention. For example, the definition stated in Black's Law Dictionary (3 ed.) is as follows:

"A domestic, or, in full, domestic servant, is a servant who resides in the same house with the master. The term does not extend to workmen or laborers employed out-of-doors."

Respondent has also cited some decisions in support of this view.

While recognizing that this court has from the beginning adhered to the principle that the scope of the workmen's compensation act, which is a remedial and beneficent statute, should be extended

rather than limited, and that we should guard against a narrow or restricted construction excluding a servant from the benefits thereof unless compelled to do so by unambiguous language or by clear intent as derived from the entire act, State ex rel. Duluth B. & M. Co. v. District Court, 129 Minn. 176, 151 N. W. 912, nevertheless we are of the opinion that the adoption of the arbitrary distinction contended for would not be a proper construction of the statute in question and would be contrary to the spirit and intent of the workmen's compensation act. The case of Eichholz v. Shaft, 166 Minn. 339, 208 N. W. 18, 20, has settled the problem in this state. The court there pointed out that the object of the act was to place upon industries, which are carried on for profit, the burden of loss from injuries to the employes engaged in furthering their purposes, as part of their expenses; and that it was not intended to place this burden and expense upon owners of homes, which, of course, are not maintained for pecuniary gain. In light of this, the only criterion for determining whether or not one is a domestic employe or servant within the meaning of the expressed exception, hereinbefore quoted, which would be commensurate with the original intent and purpose of the workmen's compensation act is whether or not the particular activity or activities of the employe are related to and in furtherance of the maintenance of the home. To say otherwise and to draw a dividing line between those who live within and those who live without the dwelling place would be to disregard the very purpose of the act and adopt a test for construction that has nothing to commend it other than convenience in application. On the other hand, a test for the determination of the class of employes intended to be excluded, which has for its basis the relation of the work or labor done to the upkeep of the home and the consequent comfort of those dwelling therein, is not too difficult of application, and, what is far more important, accomplishes what we believe to be the purpose of this particular exception to the act—namely, the exemption from its burden of the homeowners, who receive no pecuniary profit from the maintaining of dwelling establishments. In the Eichholz case this court said [166 Minn. 343]:

"There is no apparent reason for placing the maid, who sleeps in the employer's home and does the work inside the building, in a different position to this law than the caretaker of the outside of the building who sleeps in a separate building on the premises, and perhaps operates the heating plant for the home which may also be apart therefrom. They are both servants whose services are entirely devoted to the upkeep of the home and the comfort of the members of the family. * * *

"No matter who is the legal owner of the home, the running thereof is not an industry nor a business, trade, profession or occupation within the purview of the workmen's compensation act. And we hold that employes who are employed exclusively in the care of the family home and in serving the members of the family are not within the act, and were not intended to come within it."

In view of the foregoing, we have no alternative but to construe the phrase "domestic servants" as meaning those whose activities and efforts are directed toward the care and maintenance of a home; to repudiate any arbitrary distinction based only on such an unimportant circumstance as the place wherein the employe happens to sleep; and to hold that the true test in each case is the nature of the work done considered in the light of the above principle.

That the nature of respondent's work brought him within the expressed exception, as defined, is beyond serious dispute and requires no extended discussion. All his efforts were directed to the care of the Ueland home. The care of the gardens, the lawn, and like things, as well as his various other duties as caretaker, were all for the purpose of the upkeep and maintenance of the home, and clearly classify respondent as a domestic servant. Therefore, although it is with great reluctance that we deny respondent the moderate sum he was awarded, we must conclude that he is not entitled to the benefits of the act.

We have not failed to note that in the Eichholz case, 166 Minn. 339, 208 N. W. 18, the court did not decide whether or not the relator was in fact a domestic employe, but rather found it unnecessary so to do. The rationale of that decision, however, clearly

points to but one possible result in the instant case, as has already been pointed out. In this case we but go one step further than the court did in the Eichholz case, which further step is a necessary one compelled by the logic of fact. A reading of the Eichholz decision leaves no doubt that had the court been called upon to determine the question here presented the result would have been the same as that reached herein.

But respondent urges that he cannot be classed as one employed in domestic service for at the time he was injured he was employed by the executors, who did not use the house as their home. The contention is not tenable. The character of respondent's work was not changed after the death of his first employer. ' The house and premises were used as a home by one of Ueland's children. The test is the nature of the employment and its relation to the home. For the purpose of this exception it is not material that the employe's wages are paid by another than the one who uses the premises as a home. Compare, Greischar v. St. Mary's College, 176 Minn. 100, 222 N. W. 525; Hebranson v. Fairmont Creamery, 187 Minn. 260, 245 N. W. 138.

The decision is reversed.

UPON APPLICATION FOR REARGUMENT.

On August 21, 1936, the following opinion was filed:

PER CURIAM.

The petition for reargument in the above entitled action is in all respects denied.

However, for purposes of clarity, some statement should be made concerning the interpretation of 1 Mason Minn. St. 1927, § 4268. As we read the statute, it was the clear intention of its framers to exclude from the operation of the workmen's compensation act both "domestic servants" and persons whose employment is casual. There is no reasonable basis for reading into the statute the requirement that a domestic servant's employment must be casual before he is within this provision. If the statements in the case of Billmayer v. Sanford, 177 Minn. 465, 225 N. W. 426, can be construed to place

a different construction on this statute, they are overruled, and the law is as stated herein.

Rehearing denied.