HUDSON TRANSIT CORPORATION, PLAINTIFF-RESPOND-ENT, v. FRANK ANTONUCCI AND THOMAS ANTONUCCI, DEFENDANTS-APPELLANTS.

Submitted May 28, 1948—Decided September 3, 1948.

For the appellants, *Fox & Schackner* (*David B. Schackner*, of counsel).

For the respondent, *James F. X. O'Brien* (*Robert J. McCurrie*, of counsel).

The opinion of the court was delivered by

HEHER, J. The question here is whether the doctrine of *res judicata* is applicable.

The action is for damages ensuing from a collision on a public highway between an automobile owned by defendant Frank Antonucci and operated by his son and co-defendant, Thomas, and a motor bus owned by plaintiff but leased to Hudson Transit Lines, Inc., and in the latter's exclusive possession and control by its servant and agent at the time of the mishap. Frank Antonucci counter-claimed for the damages to his vehicle. There was a jury verdict for plaintiff and judgment thereon; and defendant's sole ground of appeal is that there was error in the denial of their prayer for leave to interpose a supplemental answer pleading in bar a judgment in favor of Frank Antonucci in an action for the damage to his automobile which had been made the subject of the counter-claim herein brought by him against plaintiff's lessee, Hudson Transit Lines, Inc., in the District Court of the Essex County Judicial District after the commencement of the instant action. The later action was the first to be tried. The plaintiff herein was not a party to that action.

It is said, in a word, that "privity is a concomitant of the lessor-lessee relationship," and thus the "controversy" in the case at hand "was between the same parties and their privies and involved the same issue," and therefore the judgment of the District Court is *res judicata* of all the issues raised in this action.

There is privity of estate or interest between the lessor and the lessee of personal property; but the doctrine of *res judicata* does not for that reason serve to bar plaintiff's action. Privity is simply mutual or successive relationship to the same rights of property. Privity within the view of the rule of *res judicata* ordinarily means identity of interest, through succession to the same rights of property involved in the prior litigation. Compare *Ludy* v. *Larsen*, 78 *N. J. Eq.* 237; *Bigelow* v. *Old Dominion Copper Mining and Smelting Co.*, 225 *U. S.* 111; 32 *S. Ct.* 641; 56 *L. Ed.* 1009; *Litchfield* v. *Goodnow*, 123 *U. S.* 549; 8 *S. Ct.* 210; 31 *L. Ed.* 199.

The judgment of a court of competent jurisdiction on a question of law or fact, or on a question of mixed law and fact, once litigated and determined, is, so long as it stands unreversed, conclusive upon the parties and their privies,

not only as to the subject of the particular action, but also as to all future litigation touching the subject-matter. This is so even though the prior and subsequent litigations involve different things, if there be substantial identity in the subject-matter of the two. Where the right to relief in the one suit shall rest upon the same point or question which, in essence and substance, was litigated and determined in the prior suit, the parties and their privies are concluded, "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Paterson* v. *Baker*, 51 *N. J. Eq.* 49; *Hancock* v. *Singer Manufacturing Co.*, 62 *N. J. L.* 289, 339; *In re Walsh's Estate*, 80 *N. J. Eq.* 565. Privity in the sense of this principle connotes such connection in interest with the litigation and the subject-matter as in reason and justice precludes a relitigation of the issue. In a word, a litigant is entitled to his day in court, but not to relitigate an issue once determined by a valid judgment.

A landlord and tenant have separate and distinct estates in the demised lands; and each has a right of action for a tortious injury to his own particular estate or interest, but not for injury to the estate or interest of the other. *Tinsman* v. *The Belvidere Delaware Railroad Co.*, 25 *N. J. L.* 255; *Beakly* v. *Freeholders of Camden*, 81 *Id.* 637. But here there was a bailment for hire, of the class *locatio rei;* and it is the rule in this state and generally that, while the bailor and bailee of personal property let for hire have separate and distinct rights and interests therein, the bailee, by reason of his special property in the chattel arising from the exclusive right of possession, may prosecute an action for damages for injury to the property in its entirety, the bailor's interest as well as his own. The bailee's recovery is a full satisfaction and a bar to action by the bailor. *Central Railroad of New Jersey* v. *Bayway Refining Co.*, 81 *Id.* 456; *Warren* v. *Finn*, 84 *Id.* 206. Mr. Justice Holmes termed this "the anomalous doctrine by which a bailee can recover the value of the goods that he does not own." *Pendleton* v. *Benner Line*, 246 *U. S.* 353; 38 *S. Ct.* 330; 62 *L. Ed.* 770.

Yet the bailor also has a right of action for injury to his reversionary interest in the property, enforceable even before the termination of the bailment. *New York and L. E. and W. Railroad Co.* v. *New Jersey Electric Railway Co.*, 60 *N. J. L.* 338; *affirmed, sub nom. New Jersey Electric Railway Co.* v. *New York and L. E. and W. Railroad Co.*, 61 *Id.* 287. It has been the settled rule from early times, both at common law and in the admiralty, that either the bailor or the bailee may sue the tort-feasor for destruction of the subject of the bailment. *The W. C. Block*, 71 *Fed. Rep.* (2d) 682; *certiorari* denied, *Cornell Steamboat Co.* v. *Scholl*, 293 *U. S.* 579; 55 *S. Ct.* 91; 79 *L. Ed.* 676. The bailee may sue for the protection of his own interest, or for the benefit of the bailor, or for the redress of injuries to both interests, and recover full damages; but the bailor may prosecute an action for wrongful injury to his reversionary interest, or he may intervene for the protection of his interest in the action brought by the bailee, although it is usually held that but one action is maintainable for the injury to the property. In the event of a recovery by the bailee, he will hold the amount in excess of the injury to his special interest in trust for the bailor. *Gillette* v. *Goodspeed*, 69 *Conn.* 363; 37 *Atl. Rep.* 973; *Palmer* v. *Mayo*, 80 *Conn.* 353; 68 *Atl. Rep.* 367; *Bowen* v. *New York Central Railroad Co.*, 202 *Mass.* 263; 88 *N. E. Rep.* 781; 8 *C. J. S.* 371, *et seq.*

The modern view is that a bailor at will may sue for the conversion of or for harm to the chattel, and recover full damages, and a valid judgment against him on the merits bars a subsequent action by the bailee against the third person to the same extent as if the first action had been by the bailee; while a bailor for a term may recover only for the harm done to his reversionary interest, leaving the bailee free to prosecute an action for the injury done to his possessory interest. *Restatement, Judgments,* § 88. The bailee's right to recover damages for the entire injury to the property rests, not upon the doctrine of agency or *respondeat superior,* but upon his special property therein arising out of the exclusive right of possession and his actual possession or right of possession thereof at the time of such loss and injury, and his

liability over. *Pendleton* v. *Benner Line, supra; Metal Package Corporation of New York* v. *Osborn,* 145 *Md.* 371; 125 *Atl. Rep.* 752.

Thus, the judgment of the District Court against the bailee for negligence does not constitute a bar to the instant action. The rule of collateral estoppel is not invocable in these circumstances. There is no such identity or privity of parties as to render the judgment in the District Court conclusive of the issue joined herein. Compare *Hornstein* v. *Kramer Bros. Freight Lines,* 133 *Fed. Rep.* (2*d*) 143. The record does not reveal whether the bailment here was at will or for a term; but that is immaterial, for the judgment invoked is not one in favor of the bailee for the injury to the chattel, but against the bailee for the damage to Antonucci's automobile.

In this view, we have no occasion to consider the rule applied in *Bergin* v. *Ganley,* 107 *N. J. L.* 242.

Judgment affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, JACOBS, WELLS, DILL, FREUND, MCLEAN, SCHETTINO, JJ. 15.

*For reversal*—None.