CAPO et al. v. C–O TWO FIRE EQUIP-
MENT CO.
No. C–492–49.

United States District Court
D. New Jersey.
Oct. 13, 1950.

David T. Wilentz, Arthur J. Sills, Perth Amboy, N. J., for plaintiffs.

Markley & Broadhurst, James B. Emory, Jersey City, N. J., for defendant.

SMITH, District Judge.

This is a civil action in which the plaintiffs assert a claim for damages which, it is alleged, were occasioned by the defendant's breach of warranty. The action is before the Court at this time on the motion of the defendant to dismiss the complaint or, in the alternative, to compel the plaintiffs to join certain insurers. The ultimate facts essential to the determination of the question raised by the motion are not disputed.

### Facts

The plaintiffs were the owners of certain property, real and personal, which was covered by several policies of insurance which insured the plaintiffs "against all *direct loss by fire.*" The liability of the several insurers under the terms of the policies, a typical copy of which is before the Court, was absolute and not conditional. The said property was damaged by fire on March 7, 1947, and, it may be assumed, the liability of the several insurers then matured.

The insurers thereafter advanced to the plaintiffs "the sum of Thirty-Seven Thousand Eight Hundred Forty Eight and 23/100 ($37,848.23) as a loan, without interest, repayable only in the event and to the extent of any net recovery the undersigned may make from any person, persons, corporation or corporations, or other parties, causing or liable for the loss sustained on or about the 7th day of March, 1947, to the property more particularly described in the said policies." The transaction is evidenced by a loan receipt in the usual form. It appears therefrom that each of the insurers advanced only a part of the sum, a proportionate share equal to its liability.

The loan receipt contains the following pertinent provision: "The undersigned further agrees to deliver to said 'Companies' herewith or when demanded all documents necessary to show the interest of the undersigned in the said property and in said claim and agree promptly to present claim and if necessary, to commence, enter into and prosecute suit against any person or persons, corporation or corporations, or or other parties, through whose negligence or other fault the aforesaid loss was caused, or who may otherwise be responsible therefor, in the name of the undersigned but at the expense, *and under the exclusive direction and control of the said insurance companies.*" (Emphasis by the Court.)

The present action was commenced on May 20, 1949 in the Superior Court of New Jersey, from which it was removed to this court on the petition of the defendant. Thereafter the defendant filed its answer in which it stated, as a separate defense, that the action was "not brought by the real parties in interest as required." This defense is now raised in support of the motion.

### Motion

The present motion is predicated solely on the Federal Rules of Civil Procedure, rule 17(a), 28 U.S.C.A., which provides: "Every action shall be prosecuted in the name of the real party in interest". It is argued by the defendant that the plaintiffs, having been at least partially compensated by the insurers for the loss, are not the only real parties in interest; it is further argued that the insurers must be joined at plaintiffs to the action. We cannot agree with these arguments.

The construction to be given the transaction between the plaintiffs and the insurers is determinative of the ultimate question, to wit: Are the insurers, notwithstanding the express provisions of the loan receipt, the real parties in interest? It must be conceded that if the advance of funds to the plaintiffs was in fact payment and not a "loan," the insurers were subrogated to the rights of the plaintiffs against third persons; the insurers, having thus acquired a legal right, as distinguished from a mere beneficial interest, became the real parties in interest. It is our opinion that the transaction may not be so construed. Automobile Ins. Co. v. Springfield Dyeing Co., 3 Cir., 109 F.2d 533; First National Bank of Ottowa v. Lloyds of London, 7 Cir., 116 F.2d 221, 132 A.L.R.

599; The Plow City, 3 Cir., 122 F.2d 816; Dixey v. Federal Compress & Warehouse Co., 8 Cir., 132 F.2d 275; See also Sullivan v. Naiman, N.J.Sup., 32 A.2d 589. We must admit, however, that the reported decisions are in conflict. See Annotations, 132 A.L.R. 607, and 157 A.L.R. 1261.

The practice here pursued by the insurers was considered and discussed by the court in Dixey v. Federal Compress & Warehouse Co., supra, 132 F.2d at page 278. It was therein stated: "The practice of insurance companies in advancing funds to their insured in cases of loss of this character upon loan receipts is well established. It is said of the practice that it often relieves the insured from financial embarassment and the courts have generally approved the commercial practice on the theory that *the money advanced is in fact a loan, and the receipts are evidence of loans and not evidence of payment.*" (Emphasis by this Court).

A loan receipt, the provisions of which were apparently similar to those of the loan receipt before this Court, was construed by the United States Court of Appeals, Third Circuit, in the case of Automobile Ins. Co. v. Springfield Dyeing Co., supra, 109 F.2d at page 537. It was therein held: "The loan receipt, which is in evidence, makes plain its purpose and effect. The transaction was precisely what, under the circumstances, it purported to be, a loan made in a manner which is both legally valid and effective for the purpose."

The defendant cited in support of its argument the case of National Garment Co. v. New York C. & St. L. R. Co., 8 Cir., 173 F.2d 32, and quoted at length from the opinion. Careful examination of this case discloses that the question here raised was not there presented. The defendants also cited two cases in which the question here raised was decided by the Supreme Court of New York: Yezek v. Delaware, L. & W. R. Co., 176 Misc. 553, 28 N.Y.S.2d 35, and Scarborough v. Bartholomew, City Ct., 22 N.Y.S.2d 635, affirmed 263 App.Div. 765, 30 N.Y.S.2d 971. These cases, and other cases not cited, support the defendant's argument, but we find reported decisons to the contrary upon our independent research.

Balish v. Advance Fuel Oil Corp., 266 App.Div. 683, 40 N.Y.S.2d 410; Sosnow, Kranz & Simcoe v. Storatti Corp., 269 App.Div. 122, 54 N.Y.S.2d 780; affirmed 295 N.Y. 675, 65 N.E.2d 326. It is obvious that the decisions of the Supreme Court of New York are not in harmony.

It was held by the court in the case of Sosnow, Kranz & Simcoe v. Soratti Corp., supra: "The purpose of the agreements (loan receipt) was to secure for the insured an amount equivalent to their loss without subjecting the assured to the risk of liability for the repayment of the loans in the event that no recovery against a third party could be had, and without transferring to the insurer by subrogation (citations omitted), the title to the claims. The parties had the right so to shape their transactions that title would reside wherever they saw fit." [54 N.Y.S.2d 780, 783.]

The "real party in interest," within the meaning of the rule, is that party who, under the substantive law, has a legal right to enforce the claim. 2 Federal Practice and Procedure, Barron & Holtzoff, page 6, section 482. It is our opinion that the plaintiffs in the instant case meet this test. The present plaintiffs retained the legal right to enforce their claim against the defendant, a claim for damages for breach of warranty; the insurers acquired nothing more than a beneficial interest in the recovery, if any. Any other construction would defeat the clear intent of the parties, the plaintiffs and the insurers, as expressed in the loan receipt.

There is no suggestion that the mere failure to join the insurers would prejudice the substantive rights of the defendant. It would appear from the loan receipt that the present action, although maintained by and in the name of the plaintiffs, is, "under the exclusive direction and control of the * * * Insurance Companies." A judgment entered in this action will be final and conclusive and will bar any further action on the same claim by either the plaintiffs or the insurers.

It is well recognized that one who prosecutes or defends a suit in the name of another, to establish and protect his own

right, or who assists in the prosecution or defense of an action in aid of some interest of his own, and who does this openly, to the knowledge of the opposing party, is as much bound by the judgment, and as fully entitled to avail himself of it, as if he had been a party to the record. Souffront v. La Compagnie Des Sucreries, 217 U.S. 475, 30 S.Ct. 608, 54 L.Ed. 846; E. I. Du Pont De Nemours & Co. v. Sylvania Industrial Corp., 4 Cir., 122 F.2d 400; Doherty Research Co. v. Universal Oil Products Co., 7 Cir., 107 F.2d 548; Carson Inv. Co. v. Anaconda Copper Mining Co., 9 Cir., 26 F.2d 651; N. O. Nelson Mfg. Co. v. F. E. Myers & Bro. Co., 6 Cir., 25 F.2d 659; Beyer Co. et al. v. Fleischmann Co., 6 Cir., 15 F.2d 465. This is also the law of this State. Hudson Transit Corp v. Antonucci, 137 N.J.L. 704, 61 A.2d 180, 182, 4 A.L.R.2d 1374; Stanford v. Lyon, 42 N.J.Eq. 411, 7 A. 869.

The motion of the defendant is denied for the reasons herein stated. The motion of the plaintiffs to strike the defense, however, will also be denied. The question before the Court at this time is a narrow one and rests solely on the facts now before it. If the defense were stricken at this time, the defendant would be precluded from offering other evidence in support of it. It is for this reason only that the Court is reluctant to grant the motion of the plaintiffs. The defense may not be interposed again at the trial, however, unless it rests on facts other than those now before this Court.