STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,

v.

Mary Irene SHELTON, Appellee.

Court of Appeals of Kentucky.

June 7, 1963.

John B. Anderson, Owensboro, for appellant.

Gwin & Iler, Owensboro, for appellee.

CLAY, Commissioner.

This is a suit against appellant defendant insurance company to enforce its liability under an automobile liability policy based upon a judgment obtained against its insured. The case was submitted to the jury on two of defendant's defenses and a verdict for $10,500 was returned for the plaintiff appellee.

Defendant first contends it was entitled either to a summary judgment or a directed verdict because of certain exclusions in the policy. The policy coverage did not apply if (1) the injured party was an "employee" of the insured other than a "domestic", or (2) if the insured was operating an auto-

mobile owned by another person which was furnished for his "regular use."

The injured plaintiff had been employed by a railroad section crew as a cook, preparing and serving meals for a group of fourteen L. & N. employees. She was paid from a fund to which members of this group made weekly contributions. At the time of the accident the plaintiff, on her way to work, was riding in an automobile owned by a member of another section crew, allegedly being operated by the insured.

Defendant contends that as a matter of law the plaintiff was an employee of the insured and not a domestic, relying upon Barres v. Watterson Hotel Co., 196 Ky. 100, 244 S.W. 308, and Getlin Adm'r v. Maryland Casualty Co., 9 Cir., 196 F.2d 249, 50 A.L.R.2d 73. The facts in those cases are so entirely dissimilar to the ones here that they do not touch the issues presented on this point.

■ The plaintiff was not an employee of the insured if she was an independent contractor. In our opinion she could be so classified. See Turner v. Lewis, Ky., 282 S.W.2d 624. Even if we assumed she was not an independent contractor but an employee of a group to which the insured belonged, this does not necessarily mean that she was an employee of the insured within the terms of the policy provision. In Oklahoma Farm Bureau Mut. Ins. Co. v. Mouse, Okl., 268 P.2d 886, it was held that a partnership is a distinct entity from the individual members constituting it, and an employee of the partnership was not an employee of the individual members. We have a similar situation here.

■ Assuming, however, that plaintiff was an employee of the insured, the question still remains as to whether she may be classified as a "domestic". While a "domestic" ordinarily means a household servant or one who works for his master in the latter's home, it is the nature of the employ-ment, whether commercial or domestic, which is the important consideration. See Robinson v. Lytle, 276 Ky. 397, 124 S.W.2d 78. The group employing the plaintiff had a home away from home. She there performed what would normally be an important household duty for the members of the group individually and collectively. She was not employed in the business in which her employer was engaged as was the situation in Barres v. Watterson Hotel Co., 196 Ky. 100, 244 S.W. 308. Her duties were essentially those performed by domestics. See City of Louisville v. Sebree, 308 Ky. 420, 214 S.W.2d 248.

■ Considering all of the aspects of plaintiff's status above discussed, it is our opinion that she does not fall within the classification of those excluded by the policy. It should be noted that neither the word "employee" nor "domestic" is defined in the policy and in the light of permissible interpretations of those words, they are to a certain extent ambiguous. Under such circumstances a construction most favorable to the insured may properly be adopted. Ransdell v. North American Accident Ins. Co., 275 Ky. 507, 122 S.W.2d 114.

■ Since the material facts with respect to the status of the plaintiff were not in dispute, the question of coverage is a matter of law. Niceley's Adm'x v. Mattox, Ky., 242 S.W.2d 608. Instead of the defendant's being entitled to a directed verdict on this issue, the plaintiff was entitled to one. It was therefore unnecessary to submit it to a jury, but defendant certainly has no ground for complaint that they found for the plaintiff.

Defendant was not entitled to a directed verdict on the ground the automobile allegedly operated by the insured was furnished for his "regular use", which was another exclusion in the policy. The facts with respect to this question were not in dispute and it is clear as a matter of law that this exclusion did not apply.

Defendant argues at length concerning the propriety of the instructions given to the jury. They substantially encompassed the issues we have heretofore discussed, but if in any respect erroneous, it was not prejudicial because plaintiff was entitled to a directed verdict on the question of whether or not she was excluded from coverage.

The final contention of the defendant has merit. By amended answer it pleaded that in the original action a fraud was worked upon it in that the plaintiff and the insured conspired to make it appear that the insured was the driver of the automobile when in truth and fact he was not the driver. The trial court would not permit the defendant to introduce material proof on this issue of fraud and collusion. We believe this was error.

As a general rule if an automobile liability insurer has a right to defend an action against the insured and has timely notice of such action, a judgment in the case is binding upon it (when later sued by the injured person) as to those issues which were or might have been litigated in the original suit. 5A Am.Jur., Automobile Insurance, section 191 (page 190); Metropolitan Casualty Ins. Co. of New York v. Albritton, 214 Ky. 16, 282 S.W. 187. There is one important qualification of this rule. It does not apply if there is fraud and collusion. This is recognized by the authorities just cited and numerous others.

The doctrine under which a person not a party to a suit may be bound by a judgment therein is not strictly res judicata but "collateral estoppel". See Commissioners of State Insurance Fund v. Lowe, 3 N.Y.2d 590, 170 N.Y.S.2d 795, 798, 148 N.E.2d 136. It is based upon privity between a party to the original suit and the person who should be bound by the judgment. This privity is in turn founded upon such an identity of interest that the party to the judgment represented the same legal right. Hixson v. Kansas City, 361 Mo.

1211, 239 S.W.2d 341. The rule is essentially one of justice and fairness and recognizes that a question once litigated should not be relitigated. See Hudson Transit Corp. v. Antonucci, 137 N.J.L. 704, 61 A.2d 180, 4 A.L.R.2d 1374. But the doctrine may not be invoked to deprive a party of an actual opportunity to be heard on a material issue. Commissioners of State Insurance Fund v. Lowe, 3 N.Y.2d 590, 170 N.Y.S.2d 795, 148 N.E.2d 136.

It seems obvious that the issue of fraud and collusion between the plaintiff and the insured was not an issue which was or could have been litigated in the original action because the insured allegedly participated in it. In Indemnity Ins. Co. of North America v. Lee, 232 Ky. 556, 24 S.W.2d 278, this Court recognized that fraud and collusion is a valid defense which may be interposed by an insurance company when sued on a judgment obtained against its insured (although the Court found the evidence was insufficient to support the defense).

It will thus be seen that the doctrine of res judicata or collateral estoppel should not be applied against the defendant in this proceeding for three reasons: (1) the issue of fraud and collusion was not and could not have been litigated in the original action, (2) there could be no privity based on an identity of interest between the insured and the defendant with respect to this issue, and (3) in justice and fairness the defendant should be permitted to assert this defense.

Plaintiff cites a number of cases to the effect that the original judgment was not void. We agree. It is a valid judgment between the plaintiff and the insured. But the defendant was not a party to that judgment, and its position is simply that the judgment is not binding upon it. In our opinion a proper defense was pleaded and the defendant should have been permitted to introduce proof in support of this defense.

We find no merit in defendant's contention that the court erroneously denied it the right to bring in other parties by third party complaint. We find no abuse of discretion by the trial court in this ruling, and no prejudice is apparent.

The judgment is reversed with directions to grant the defendant a new trial on the issue of fraud and collusion in the obtention of the judgment against the insured.