### HOFFMAN v. McDANIEL, et al.

No. 69-C-327.

Circuit Court, Santa Rosa County.

February 3, 1970.

Cecil Jackson, Pensacola, for the plaintiff.

Spencer Mitchem and Frank C. Bozeman, both of Pensacola, and Angus G. Andrews, Defuniak Springs, for the defendants.

WOODROW M. MELVIN, Circuit Judge.

This cause is before the court upon the motion of defendant, Allstate Insurance Company, for summary judgment based upon

its position that it has no contractual obligation to defend James David McDaniel, or to respond in payment of a plaintiff verdict in any sum.

In fine, the defendant company urges that the exclusion provisions of its policy,

> This Part 1 does not apply to: — — — — — — — — — — — —
>
> 4. bodily injury to an employee of the insured arising out of and in the course of (a) domestic employment by the insured, if benefits therefor are either payable or required to be provided under any workmen's compensation law, or (b) any other employment by the insured;

lay to rest any claim against it because, the company contends, Kenneth Hoffman was an employee of James David McDaniel at the time of his fatal injury.

The undisputed facts are that Kenneth Hoffman, at all times material, was employed by James David McDaniel to assist McDaniel in moving his household furniture from his family dwelling to a dwelling where he and his family would next reside. Young Hoffman fell from the back of the moving truck and was fatally injured.

The Florida Workmen's Compensation Law is not applicable.

The company did not elect to define "domestic employment", and the descriptive phase is ambiguous in the light of permissible interpretations. Therefore that construction most favorable to the insured may properly be applied. In Griffin v. Speidel, 179 So.2d 569 (1965), the Supreme Court of Florida, in considering similar exclusion clauses, held —

> "The obvious intent and meaning of these exclusion clauses is to relieve the insuror of responsibility for liability incurred by the insured because of work connected injuries to his business, as distinguished from domestic, employees."

In State Farm Mutual Automobile Insurance Company v. Shelton, 368 S.W. 2d 734 (1963), the Court of Appeals of Kentucky ruled —

> "Assuming, however, that plaintiff was an employee of the insured, the question still remains as to whether she may be classified as a 'domestic'. While a 'domestic' ordinarily means a household servant or one who works for his master in the latter's home, *it is the nature of the employment, whether commercial or domestic,* which is the important consideration." (Italics added.)

James David McDaniel was not in the house moving business, so young Hoffman's employment may not be classified as commercial or professional. He was employed to work in and about the McDaniel dwelling in connection with family and furniture moving. Had he been engaged to help re-arrange the furniture from one room to another there could be no reasonable challenge as to the domestic nature of such work.

It is the opinion of the court that Hoffman was a domestic employee at all times material to the subject of this litigation, and that defendant's motion for summary judgment should be denied. Therefore it is, ordered that the motion for summary judgment in behalf of defendant Allstate Insurance Company is denied.