**STATE of Minnesota, Respondent,**

v.

**Suzanne Margie BACHMANN, Appellant.**

**No. CX–94–341.**

Court of Appeals of Minnesota.

Sept. 27, 1994.

Review Denied Nov. 29, 1994.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Waldemar B. Senyk, Otter Tail County Atty., David J. Hauser, Asst. County Atty., Fergus Falls, for respondent.

John M. Stuart, State Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by NORTON, P.J., and FORSBERG and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

■ Appellant Suzanne Margie Bachmann claims that the district court erred by denying her motion for postconviction relief on the basis that she was not eligible for work release privileges. We affirm.

## FACTS

In November 1993, Bachmann pleaded guilty to one count of burglary in the second degree and one count of check forgery. As part of her sentence, she was ordered to spend 90 days in the county jail.

Following her sentencing, Bachmann requested that she be granted work-release privileges while serving her 90–day jail term. Bachmann is not presently employed outside the home. Instead, she wished to be released from jail on weekdays in order to care for her four children and perform other homemaking services for her husband and children, for which her husband agreed to pay her $1.50 per hour. The district court concluded that Bachmann was not eligible for work-release and denied her motion.

## ISSUES

Is a homemaker eligible for work-release?

## ANALYSIS

■ A district court's denial of work-release privileges typically will be reversed only in the rare instance where the court has abused its discretion. *State v. Larson,* 393 N.W.2d 238, 243 (Minn.App.1986). In this case, however, the issue is not whether the particular facts of Bachmann's case justify work-release. Rather, it is whether Bachmann's status as a homemaker by itself renders her eligible for work-release privileges. As this is a question of statutory interpretation, our review is de novo. *State v. Wetsch,* 511 N.W.2d 490, 491 (Minn.App.1994), *pet. for rev. denied* (Minn. Apr. 19, 1994).

Minn.Stat. § 631.425, subd. 3 (1992) provides:

> If the person committed under [the work-release statute] has been regularly employed, the sheriff shall arrange for a continuation of the employment insofar as possible without interruption. If the person is not employed, the court may designate a suitable person or agency to make reasonable efforts to secure some suitable employment for that person. An inmate employed under this section must be paid a fair and reasonable wage for work performed and must work at fair and reasonable hours per day and per week.

Bachmann argues that homemaking is employment within the meaning of this statutory language. We disagree.

Bachmann's homemaking services clearly have economic value. *See Rindahl v. National Farmers Union Ins.,* 373 N.W.2d 294, 297 (Minn.1985) (under Minnesota No–Fault Act, injury to person who performs most of household duties "most definitely results in an economic loss to the family unit"). Nevertheless, homemaking is generally not considered employment. For example, in the context of workers' compensation:

> The upkeep and care of a home for one's self and family are not in the category of a trade, business, profession or occupation, as generally understood. A home is not established and maintained in the expectation of pecuniary gain. Such a venture is solely an expense.

\* \* \* \* \* \*

\* \* \* Persons engage in a trade, business, profession or occupation for profit, or as a means to gain a livelihood, but not so in establishing and maintaining a home.

\*　　\*　　\*　　\*　　\*　　\*

\* \* \* But we think a housewife is not an occupation within the meaning of the compensation act, since that work pertains exclusively to the management of the home. Furthermore, in the maintenance of the home the husband and wife are one. The one acts for the other. No matter who is the legal owner of the home, the running thereof is not an industry nor a business, trade, profession or occupation within the purview of the Workmen's Compensation Act.

*Eichholz v. Shaft,* 166 Minn. 339, 343–44, 208 N.W. 18, 19–20 (1926).

Similarly, in holding that a domestic servant could not picket the home in which he had been employed, the supreme court reasoned:

The validity of defendant's argument depends upon whether a home, exclusively used as such, may be said to be a place for the carrying on of an industrial or a business enterprise. Obviously the home cannot be so classified.

"The home is an institution, not an industry."

\* \* \* *Barres v. Watterson Hotel Co.,* 196 Ky. 100, 102, 103, 244 S.W. 308, 309, 310.

\*　　\*　　\*　　\*　　\*　　\*

\* \* \* And the same result was reached in *Anderson v. Ueland,* 197 Minn. 518, 521, 267 N.W. 517, 518, 927, where we said:

\*　　\*　　\*　　\*　　\*　　\*

\* \* \* "the home is a sacred place for people to go and be quiet and at rest and not be bothered with the turmoil of industry," and that as such it is "a sanctuary of the individual and should not be interfered with by industrial disputes." We think [this] conception of "home" as "a sanctuary of the individual" is sound. The word is defined as, "the abiding place of the affections, esp. domestic affections"; as "the social unit formed by a family residing together in one dwelling," and as "an organized center of family life."

*State v. Cooper,* 205 Minn. 333, 335–36, 285 N.W. 903, 904–05 (1939) (citations omitted).

The fact that Bachmann's husband has offered to pay an hourly wage to her does not change our conclusion. First, Bachmann has an obligation to care for her children regardless of whether she is paid to do so. *See, e.g.,* Minn.Stat. § 609.378, subd. 1 (1994) (failure to provide child with necessities is crime). Second, income received by Bachmann is marital property. *Swick v. Swick,* 467 N.W.2d 328, 330 (Minn.App.1991), *pet. for rev. denied* (Minn. May 16, 1991). Thus, Bachmann's husband has a common ownership interest in her income. Minn.Stat. § 518.54, subd. 5 (1992). The Bachmanns have not shown that their proposed wage agreement results in either gain or loss to either person; unlike the typical employment relationship, the economic exchange between the Bachmanns would be purely illusory.

Finally, we note by way of analogy that the legislature has provided that a homemaker whose driver's license has been suspended or revoked may be eligible for a limited license under certain conditions. Minn.Stat. § 171.-30, subd. 1(2) (1992). In doing so, it explicitly included homemakers in the list of persons eligible for a limited license, a step it has not taken in regard to the work-release statute. Moreover, the fact that within this statutory scheme homemakers are a class distinct from drivers who need a license for their livelihood further suggests that the legislature generally considers homemaking to be distinct from employment. *See* Minn.Stat. § 171.30, subd. 1(1) (1992) (driver may be eligible for limited license if necessary for livelihood). We therefore conclude that homemaking is not employment as contemplated by Minn.Stat. § 631.425 (1992).

### DECISION

The district court properly concluded that Bachmann was not eligible for work-release

to perform homemaking responsibilities for her family.

**Affirmed.**