FRED J. SMITH, RESPONDENT, v. ELVIRA M. CRUSE, APPELLANT.

Submitted November 7, 1924—Decided March 16, 1925.

1. A party aggrieved by a judgment awarded by the court in a cause tried without a jury, may review any errors made by the court in giving such judgment, without request for a specific finding of law or fact, or law and fact, and objection to an adverse finding, provided such errors shall be specified in grounds of appeal filed and served.
2. The amendment of the Practice act (*Pamph. L.* 1916. *p.* 109), permitting appeals from judgment rendered by the court without a jury, where no objection is submitted to the court, applies to the District Courts.

---

On appeal from the Supreme Court, whose *per curiam* opinion is reported in 2 *N. J. Mis. R.* 350.

For the appellant, *Michael J. Tansey.*

For the respondent, *Julius H. Halprin.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This was a case in the First District Court of Newark, tried by the judge without a jury. Judgment was rendered in favor of the plaintiff and against the defendant, and the latter appealed to the Supreme Court where the judgment was affirmed. Appeal was then taken to this court.

In the Supreme Court's *per curiam* it is stated that the record before that tribunal showed no legal basis for review because it did not appear that there was any request on behalf of defendant for a finding of law or fact, or of law and fact, and exception taken thereto; hence there was no point presented which could be reviewed on appeal. Notwithstanding this, the Supreme Court, indulging the assumption that the points presented properly challenged the decision, went on and disposed of the meritorious questions raised by the appeal.

The grounds of appeal in the Supreme Court, seven in number, are repeated in this court with an additional one (8) that the judgment of the Supreme Court should have been in favor of the appellant. This last ground is the only one properly assignable in this court, and under it all of the reasons in the Supreme Court residing in the state of the case were available on the argument. *Burhans* v. *Paterson.* 99 *N. J. L.* 490.

It is not necessary for a party to request the court, in cases where a jury is waived, to make specific findings of law or fact, or law and fact. It is sufficient if he claims judgment in his favor upon testimony adduced upon the trial. And the court, sitting without a jury, cannot enter judgment for either party without finding in favor of that party. A judgment presupposes a finding of facts in favor of the successful party, even if such finding be not expressed in terms, and also presupposes that, in the opinion of the judge, that party is entitled to the judgment by the law arising upon the facts.

In the case at bar it does not appear that either side made any request for findings. But the judge of the District

Court, in the state of the case settled and signed by him said, "I find the facts to be as follows," and then goes on and specifically finds the facts upon which he rests his judgment. Now, the amendment to the Practice act (*Pamph. L.* 1916, *p.* 109) provides that when cases are submitted to the court to be heard without a jury, *any* error made by the court in giving final judgment shall be subject to change, modification or reversal without the grounds of objection having been specifically submitted to the court. There is no requirement that the defeated party must have preferred a request for a finding of law or fact, or law and fact, and except to an adverse finding, in order to secure a review of the judgment; but appeal is given to him, as matter of right although he did not submit the grounds of objection to the trial judge. But this refers only to errors residing in the final judgment, and not to any occurring in the proceedings on the trial.

The reason for this statute is obvious, and is fully explained in our opinion in *Pannonia Building and Loan Association* v. *West Side Trust Co.*, 93 *N. J. L.* 377, 381, wherein we held that this act of 1916 permits a review of any errors of law residing in the findings of the trial judge, provided such errors shall be specified in grounds of appeal filed and served. Errors were so specified in this case, and, though the record does not show they were served, counsel for the respondent argues the cause without any suggestion that they were not served; therefore, it is to be presumed that they were. See, also, *Petersen* v. *Sovereign Camp, &c.,* 97 *Id.* 497, 500.

The practice of the circuit courts (which is governed by the Practice act) applies to District Courts, except where otherwise provided. See District Court act (*Comp. Stat., p.* 1977, § 68. As there is no provision in the latter act which precludes the application of *Pamph. L.* 1916, *p.* 109, to the District Courts, we hold that it does so apply. On this subject, see, also, *Rossi* v. *Benedict,* 98 *N. J. L.* 81, 83; *Lambert* v. *Cahill,* 2 *N. J. Mis. R.* 825, 826.

It is true that no ground of objection to the court's finding was submitted to the trial judge, but the errors alleged

are specified in the grounds of appeal. This brings the case at bar directly within the statute of 1916 as construed by this court in *Pannonia Building and Loan Association* v. *West Side Trust Co., supra.*

In the case at bar the judge of the District Court having found facts in favor of the plaintiff, which, in his opinion, necessarily entitled the plaintiff to judgment against the defendant as matter of law, proceeded to award such judgment. And this we find to be correct.

The judgment under review will therefore be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 14.

*For reversal*—None.