MARIA GRIMM, EUGENE GRIMM AND THERESA VEESER, PLAINTIFFS-APPELLANTS, v. NICHOLAS LANGENFELD, DEFENDANT-RESPONDENT.

Submitted May 10, 1932—Decided December 6, 1932.

Before Justices TRENCHARD, CASE and BROGAN.

For the plaintiffs-appellants, *Hugo Woerner*.

For the defendant-respondent, *J. Emil Walscheid*.

PER CURIAM.

This is an appeal from a judgment rendered by the First District Court of the city of Jersey City, the judge sitting without a jury, in favor of the defendant and against the

plaintiff. The action is for rent under a lease made between plaintiffs' decedent, Franz X. Grimm, and Otto Anders dated July 26th, 1921, for a term of five years commencing August 1st, 1921, and ending August 1st, 1926, with an option, which seems to have been exercised, to the tenant to renew for a five-year term. The lease was primarily for a store premises, but amongst the numbered paragraphs was the following:

"3. That as soon as the four rooms and bath, being the floor immediately over the said store premises, becomes empty, the second party hereto shall have the right and authority to move into the same, as a tenant under this lease, and the said four rooms and bath are hereby let and rented by the first parties hereto to the second party hereto, at the monthly rent of forty dollars ($40) additional, payable on the first day of each month, in advance, but the second party hereto shall not have the right to move into the said rooms until the present tenant shall move out of the same."

The rental for the living apartment only is now sued for. The defendant denies that the lease obligates him.

The lease was assigned by the tenant named therein and several times reassigned. On March 4th, 1922, Anders assigned to Schlope; on October 28th, 1922, Schlope assigned to Fausak; on April 1st, 1926, Fausak assigned to Dorn; on April 22d, 1929, Dorn assigned to Newmeyer and Maron, and on May 29th, 1930, the last named assigned to Bauer who on June 14th, 1930, assigned to the present defendant. Frank X. Grimm died December 15th, 1929, prior to the two last named assignments. The state of the case was settled by the trial judge. From the summary of evidence it appears that while Anders did not occupy the living apartment, Schlope, his assingee, did. That fact appears positively and without contradiction. The record is silent as to whether Fausak occupied the living apartment but is specific to the effect that the subsequent assignees did not. The testimony is not given with sufficient detail to enable us to determine whether there was a re-entry by the landlord in his own right; nor did the case turn on that question.

The trial court found that the clause quoted above constituted an option or privilege in reference to the four-room apartment, and that the defendant or his predecessors had never exercised the said option and that therefore they or either of them, including the said defendant, were not bound thereby. We are unable to reconcile that finding of fact with the testimony regarding Schlope, one of defendant's predecessors in the tenancy under the lease. Whether the third paragraph was, as plaintiffs contend, an integral part of the leasehold, effective when the then tenant of the living apartment vacated, or, as the defendant contends and the trial court held, an option which the tenant of the store premises under the lease might or might not, on his own election, avail himself of, we think that if and when occupancy was actually had by the lease tenant the latter became, in the language of the paragraph, "a tenant under this lease," and that the lease thereafter bore equally, in its appropriate provisions, upon the living apartment and the store premises.

The cause having been submitted to the court to be heard without a jury, any error made by the court in giving final judgment in the cause is subject to change, modification or reversal, notwithstanding the grounds of objection were not specifically submitted to the court. *Pamph. L.* 1916, *ch. 62, p.* 109. *Pannonia Building and Loan Association* v. *West Side Trust Co.,* 93 *N. J. L.* 377; 108 *Atl. Rep.* 240. This practice applies to District Courts. *Smith* v. *Cruse,* 101 *N. J. L.* 82; 128 *Atl. Rep.* 379. In so far as *Zager* v. *Adams,* 9 *N. J. Mis. R.* 453; 154 *Atl. Rep.* 411, states otherwise, it is out of line with the statute as construed by the Court of Errors and Appeals.

We conclude that the testimony does not sustain the factual finding of the trial court, and as that finding seems to have been a controlling factor in the conclusions as to the defendant's liability, we deem it proper to reverse the judgment to the end that the record be remitted and a new trial be had.