RENA PEDDIE CROSSLEY AND C. VICTORIA PEDDIE, PLAINTIFFS-APPELLANTS, v. FRANK BRISCOE, DAVID CRONHEIM, ALBERT S. CRONHEIM AND 45 BRANFORD PLACE CORPORATION, DEFENDANTS-RESPONDENTS.

Submitted October 30, 1936—Decided January 22, 1937.

For the defendants-respondents, *Levy, Fenster & McCloskey* (*Saul Tischler*).

For the plaintiffs-appellants, *Frank Benjamin.*

The opinion of the court was delivered by

WOLFSKEIL, J. This is an appeal from a judgment of nonsuit in favor of the individual defendants following an order striking out the complaint. The suit as against the corporation was discontinued.

The complainant recites that a lease was made by the corporation and certain rental reserved, part of which was in default. It then alleges that the three individuals who are directors and officers of the corporation, violated the terms of an agreement, a copy of which (*Exhibit "A"*) is attached to the complaint, and diverted certain moneys in bad faith,

thereby becoming individually liable for the default of the corporation lessee.

The agreement consists of a letter written by plaintiffs to the corporation to which is appended the following matter and signatures:

"45 Branford Place Corporation does hereby consent to the foregoing arrangement and we, the undersigned, the executive officers of the corporation do hereby agree to carry out the terms of the said agreement in all particulars."

This paragraph is signed:

"45 BRANFORD PLACE CORPORATION,

By FRANK BRISCOE, President.

By DAVID CRONHEIM, Secretary.

By A. S. CRONHEIM, Treasurer."

The corporate seal was affixed.

The determination of this appeal is controlled by our decision in the case of *Crossley* v. *Binns,* 115 *N. J. L.* 160. That suit was instituted under a claim that the individual defendants were parties to this same agreement and were responsible for its performance, and the fact that it had not been performed rendered them liable for damages for its non-performance. Construing the agreement, Mr. Justice Lloyd, who wrote the opinion, said:

"It is to be noted that the designation of the individual defendants is as executive officers of the corporation, and their signatures likewise, in so far as they constitute more than the signing of the corporation name, are as officers of the corporation. There is nothing, we think, in the writing to suggest a further purpose. It involves nothing more than an obligation on the part of the individual defendants as officers by honest endeavor to see that the undertaking of the corporation was carried out. Both clauses above quoted we think imply this and nothing more."

In seeking again to hold the individual defendants liable on the agreement it would appear as though appellants are attempting to re-argue a point which is already *res adjudicata* as to two of the defendants here, David Cronheim and Albert S. Cronheim. One of the parties to this action, Frank Briscoe, had not been served in the previous suit and consequently

was not a party thereto. His interest, however, is similar to that of the individuals who were parties and if not protected by the doctrine of *res adjudicata* he does come within the doctrine of *stare decisis*. 58 *C. J.* 1318; 34 *C. J.* 746.

The judgment of nonsuit is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 14.

*For reversal*—None.