GLORIA PHIPPS, BY HER NEXT FRIEND, THOMAS PHIPPS, PLAINTIFF-APPELLANT, v. DANIEL HOPE CERVASIO AND WILLIAM FANNICIOLA, DEFENDANTS-APPELLEES.

Argued October 2, 1946—Decided January 27, 1947.

Before Justices PARKER and DONGES.

For the plaintiff-appellant, *Abraham H. Carchman* and *Louis Zemel.*

For the defendant-appellee, *John Cervase.*

The opinion of the court was delivered by

DONGES, J. Appeal is taken from an order of a Judge of the District Court of the Essex County Judicial District amending the record of judgment in a cause begun and tried in the District Court of the City of Orange, and transferred under the statute to this District Court of the Essex County Judicial District.

Action was instituted on October 7th, 1935, by plaintiff-appellant, an infant, to recover damages for personal injuries sustained in an automobile accident. The cause was tried before Judge William A. Calhoun, then judge of said court, and on June 5th, 1936, judgment was entered in favor of plaintiff-appellant. The docket entry was: "Judgment was rendered for the plaintiff and against the defendant for One Hundred Twenty-five Dollars, debt and Ten Dollars and Fifty-seven Cents, costs."

The docket then shows:

"Order directing execution granted, July 31, 1945.

"Execution issued August 2, 1945, for $125.00 debt and $10.57 costs, returnable within thirty days."

It then shows that levy was made and the execution returned unsatisfied on January 15th, 1946. This levy was on goods of defendant Fanniciola.

On March 1st, 1945, a petition was filed and an order for discovery as to both defendants allowed.

On March 13th, 1946, a rule to show cause was allowed why the record of judgment against Cervasio "should not be corrected to show a nonsuit as to the defendant Cervasio."

A hearing was held on March 15th, 1946, on the rule to show cause, and witnesses sworn who testified as to the record and the conduct of the original trial by Judge Calhoun, and the judge, then sitting, granted the motion to correct the court record and enter judgment of nonsuit as to Cervasio. On May 27th, 1946, an order was filed to enter such judgment of nonsuit as to Cervasio. It is from this judgment that appeal is taken.

The defendant presented evidence that the judge sitting at the trial had granted a nonsuit as to Cervasio, although it did not appear in the court record. This allegation was supported by the presentation of the notes of Judge Calhoun of the trial, from which it appears that he noted "nonsuit as to Cervasio." It was testified that such notes were in the handwriting of Judge Calhoun and that it was his practice to make such notes in the course of the trial. Other witnesses testified that the nonsuit was granted during the trial. The docket entry uses the singular "defendant" as to the judgment awarded.

The sole question is as to the competence of the extrinsic evidence submitted. Since it is the record that is alleged to be wrong, it is obvious that the record alone may not be relied on for correction. In order that justice may be done, and in view of the death of the sitting judge, the only available evidence is outside of the record.

In 34 C. J. 248, the rule is stated: "It is generally deemed sufficient if the amendment is not based on parol evidence

alone, but is supported by the record, or some note or minute made by the judge or clerk, or notes taken by the stenographer, or some memorial paper or document in the nature of a record made in connection with the case or upon the trial or hearing." Citing cases.

So, in the instant case, we have the notes of the trial judge, supported by the testimony of witnesses as to the facts. We regard this as competent evidence to correct the record.

Objection is made to the admission of the testimony of the attorney for Cervasio, who testified that the judge granted the nonsuit and that his notes made during the trial so noted. The notes were offered in evidence, but, on objection by plaintiff-appellant, were not admitted in evidence. It was used only to refresh the recollection of the witness. We think it was competent for this purpose.

It is urged that defendant Cervasio was in laches and, therefore, was not in a position to secure the relief granted. It appears that he was not aware of the failure to docket the judgment of nonsuit until a few months before the application under review. If there was any failure, it was upon the part of counsel and should not be charged against the defendant-appellee.

Upon consideration of the entire case, we conclude that the judgment should be affirmed. It is accordingly affirmed, with costs.