ELIZABETH M. REEVES, PLAINTIFF-APPELLANT, v. THE CITY OF JERSEY CITY, ET ALS., DEFENDANTS-RE-SPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued October 14, 1952—Decided October 27, 1952.

352

Before Judges McGEEHAN, BIGELOW and SMALLEY.

*Mr. Louis G. Morten* argued the cause for the appellant.

*Mr. Jacob J. Levy* argued the cause for the respondents (*Mr. John B. Graf*, attorney and of counsel).

The opinion of the Court was delivered by

SMALLEY, J. S. C. (temporarily assigned). Plaintiff brought her suit in the Hudson County Court to recover a pension of $1,000 per annum, claiming that she was lawfully married to Edward C. Reeves, a pensioner, at the time of his death.

Plaintiff appeals from two orders of the Hudson County Court, Law Division, filed June 6, 1952. It may be helpful in understanding the facts if the orders are set forth:

"This suit having been stayed pursuant to opinion of the Court filed October 30, 1951 (16 *N. J. Super.* 231) to enable plaintiff to institute appropriate proceedings in the Hudson County District Court for the altering or correction, or both, of alleged clerical error in the form of judgment entered in that Court on September 24, 1941, in a suit entitled as above; and proceedings having been taken accordingly in the said District Court, resulting in the refusal of the said Court to alter or amend its judgment record aforesaid, and as a result whereof the said judgment record must, for the reasons set forth in the said opinion of this Court, be adjudged a legal bar to the present action; it is, on this 26th day of May, 1952,

ORDERED that judgment final be entered in this cause in favor of defendants and against the plaintiff on the first, second, third, fourth, fifth, sixth and ninth separate defenses set forth in the answers herein."

"Application having been made on behalf of plaintiff for an order to open the separate trial of the legal issues herein with leave to take proofs, and the court having listened to the argument of counsel, considered the matter, and good cause being shown;

It is thereupon on this 27th day of May, 1952 ORDERED that the application to open the separate trial of the legal issues be and the same is hereby denied."

There is no dispute that Edward C. Reeves was a member of the police force of the defendant city and that he qualified and met all of the conditions of the pension fund and received his pension during his life time. Neither is there any dispute that the plaintiff was married to the said Edward C. Reeves and that he passed away on December 15, 1940.

The defendants by their answer contend, in part, as follows:

"The Firemen's and Policemen's Pension Fund Commission of the City of Jersey City, were the real parties defendant in a certain suit in the Second District Court of the City of Jersey City, wherein the plaintiff herein was plaintiff, and which suit was for the same cause or causes of action as alleged in the complaint herein. In said suit in the Second District Court of Jersey City, judgment final in favor of the defendant therein and against plaintiff, for the same cause or causes of action as alleged in this complaint, was entered on the 24th day of September, 1941, and bars and precludes plaintiff from recovery herein."

The defendants contend that the judgment in the Second District Court of the City of Jersey City, rendered on the 24th day of September, 1941, in favor of the defendant Firemen's and Policemen's Pension Fund Commission and against Elizabeth M. Reeves, plaintiff therein, and herein, is *res adjudicata* of the cause of action herein alleged.

It will be unnecessary to recite the separate defenses set forth in defendants' answer except to say generally they are couched in the terms of defenses based on the fact that the

claims and controversies were the same and had been resolved, settled and determined by the judgment of the Second District Court of Jersey City on September 24, 1941.

Plaintiff's reply to the defendants' answer admits that a trial and judgment was had in the Second District Court of Jersey City on the day set forth in the answer but avers that the entry of the judgment constituted no bar to this action. She alleges that at the said trial in the district court, defendant offered into evidence what purported to be an exemplified copy of a decree of divorce obtained by the said Edward C. Reeves against plaintiff herein in the courts of the State of Florida.

Plaintiff claims that she testified at the trial in the district court that she was married to Edward C. Reeves in 1908, that she had not remarried, and that she had never received any notice of any divorce proceedings, and further she claims that the judge then sitting in 1941 in the said Second District Court of Jersey City who heard the action stated that he could do nothing other than give judgment for the defendant commission and that he could not set aside the Florida decree of divorce, and when pressed to state his reasons declared that he did not have jurisdiction to decide the validity of the Florida decree of divorce.

There is again no dispute that the said Edward C. Reeves in his lifetime did obtain a final decree of divorce in the State of Florida from the plaintiff herein on May 9, 1940. Plaintiff then filed, on May 5, 1950, certain requests for admissions which were answered and filed as within time by consent. The court on June 26, 1951 ordered that the issues raised by the separate defenses interposed by the defendants and the plaintiff's reply thereto, be tried by separate trial prior to the trial of the issue raised by the complaint and answer thereto, as provided by *Rules* 3:42–2, 3:30–2 and 5:2–1.

When the matter came before the County Court on the separate trial of the law issues, the court stated in part:

"There would appear to be no doubt that the district court did have jurisdiction to try the case before it, including the issue of plaintiff's status as surviving spouse of the deceased pensioner. The question is whether the jurisdiction was exercised. If it was, the district court judgment is a bar to the present suit. If not, the judgment is not a disposition of the case on the merits and is therefore without effect as an adjudication of the issues here."

The County Court concluded by staying the suit to enable plaintiff to institute appropriate proceedings in the district court which would ascertain just what was there determined or even possibly correct the judgment rendered in 1941.

Plaintiff in response to this order petitioned the district court, now known as the Hudson County District Court, to set a date when the plaintiff would apply to said district court to file and enter a finding of facts on the issues.

It appears that the Hudson County District Court designated February 11, 1952 as the time that it would hear the plaintiff. The judge who presided at the first trial in the Second District Court appeared and testified that he could not remember on what grounds he had decided the case and that it could have been on any one of a number of grounds. The presiding judge of the Hudson County District Court then, on February 20, 1952, advised the parties "it is impossible for me to determine on what grounds Judge Hansen entered a judgment for defendant and I therefore deny plaintiff's motion."

Plaintiff then moved, on May 9, 1952, that the County Court determined whether or not the judgment rendered in the district court on September 24, 1941 was *res adjudicata* in as much as the Second District Court of Jersey City, now known as Hudson County District Court, had found it impossible to determine on what grounds the judgment had been entered in 1941. The County Court on May 27, 1952 denied the applications to open the separate trial of the legal issues and take proofs, and further granted the order of judgment. From such orders plaintiff appeals.

All of the allegations in at least seven of the separate defenses interposed by the defendants in the County Court

assert that the judgment rendered in the Second District Court of Jersey City on September 24, 1941 are *res adjudicata* of all claims by plaintiff in her action in the County Court. These allegations were denied by the plaintiff.

Plaintiff claims that the judgment of the district court was based upon a finding that the court could not set aside the Florida decree of divorce and had no jurisdiction to declare such decree invalid and that the judge, in fact, refrained from resolving this issue.

We have difficulty in understanding how the County Court could find that the district court judgment was *res adjudicata* to plaintiff's suit. It does not appear that the judgment record was ever before the County Court. There is no stipulation to such effect, and counsel for the appellant has represented to this court that the judgment or the facts recited in the County Court's conclusion of the various steps alleged to have been taken by the plaintiff in the Court of Chancery or the Supreme Court were never, in fact, before the County Court. It must be remembered that the presiding judge of the Hudson County Court could not determine on what grounds judgment had been entered in September 1941 with the benefit of the record and the testimony of the judge who presided at the trial in 1941. How then could the County Court without the record determine that the matter was *res adjudicata?*

It also appears that in an effort to produce the record of the district court which it is assumed would also include the proceedings taken pursuant to the suggestion of the County Court when it stayed the proceedings in the County Court, that such motion was denied by the County Court.

In *Henninger v. Heald,* 51 *N. J. Eq.* 74, 75 (*Ch.* 1893) the court said:

"In order that a judgment may constitute a bar to another suit, it must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be the same in both cases, and must be determined on its merits. If the first suit was dismissed for defect of pleadings, or parties, or a misconception of the

form of proceedings, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit."

Defendants argue in their brief that this controversy had been determined by three different forums. Again we point out that no proofs were offered from which it can be found that the issue of the validity of the Florida decree of divorce obtained in 1940 by the pensioner against the plaintiff has ever been determined by any tribunal.

*Hoffmeier & Son v. Trost*, 83 *N. J. L.* 358, 359 (*Sup. Ct.* 1912), states:

"But a matter is not *res adjudicata* unless there be identity of the thing sued for, of the cause of action, of the persons and parties, the quality of the persons for and against whom the claim is made, and the judgment in the former action be so in point as to control the issue in the pending one. *Mershon v. Williams*, 34 *Vroom* 398. A proper test in determining whether a prior judgment between the same parties concerning the same matters is a bar to a subsequent action is to ascertain whether the same evidence, which is necessary to sustain the second action, would have been sufficient to authorize a recovery in the first; if so, the prior judgment is a bar."

The defense of *res adjudicata* must be pleaded and proven. *Water Commissioners v. Cramer*, 61 *N. J. L.* 270 (*E. & A.* 1897).

Here we have the defense of *res adjudicata* pleaded but no proof to sustain the defense. Assuming that the County Court did have the judgment record of the district court properly before it, the judgment record was such that the County Court could not determine whether the district court had rendered its judgment on the merits, or only on a ruling, that it had no jurisdiction. It must then necessarily follow that the County Court could come to no proper determination that the defense of *res adjudicata* was available to the defendant.

Reversed.