30 N.J. Super. 392 (1954)
104 A.2d 854
ELIZABETH M. REEVES, PLAINTIFF-APPELLANT,
v.
CITY OF JERSEY CITY, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 13, 1953.
Decided May 5, 1954.
*394 Before Judges CLAPP, GOLDMANN and EWART.
Mr. Louis G. Morten argued the cause for appellant.
Mr. Harold Krieger argued the cause for respondents (Mr. John B. Graf, attorney; Mr. Louis E. Saunders, on the brief).
The opinion of the court was delivered by EWART, J.A.D.
The factual basis for this litigation is as follows: The late Edward C. Reeves was a member of the Police Department in the City of Jersey City. He was born August 27, 1886 and died December 15, 1940. He and plaintiff were married May 22, 1908. By resolution of the Pension Fund Commission of the City of Jersey City, adopted November 24, 1936, Reeves was retired on half-pay, namely, $1,500 per annum, to become effective December 1, 1936. He drew his pension each month from December 1, 1936 to the date of his death on December 15, 1940. Plaintiff claims to have been the widow of Edward C. Reeves at the time of his death, and by virtue thereof claims to be entitled to receive a pension from the city of an amount equal to one-half of the pay of the deceased husband as of the date of his retirement, but not exceeding $1,000 per annum (R.S. 43:16-3). The decedent Reeves secured a final decree of divorce from the plaintiff in the State of Florida on May *395 9, 1940; thereafter remarried and his second wife, Jean Reeves, survived him. One of the issues is as to whether the Florida divorce was a valid judgment, binding upon the plaintiff, or whether it was a fraudulent judgment that did not accomplish its avowed object of terminating the marriage relationship between the plaintiff and the said Reeves. If the Florida judgment is valid, obviously the plaintiff is not the widow of Edward C. Reeves and would therefore have no standing to claim a pension as his widow. On the other hand, if the Florida judgment is invalid, then plaintiff would be the widow of Edward C. Reeves. In this connection, however, it is to be noted that the final decree in the courts of the State of Florida is presumptively valid under the full faith and credit clause of the Federal Constitution and that the litigant alleging otherwise has the burden of proving lack of jurisdiction over the subject matter, or over the person of the defendant, or fraud. Absent such proof, the foreign judgment must be accorded full credit. Peff v. Peff, 2 N.J. 513, 521 (1949); Eberle v. Somonek, 24 N.J. Super. 366 (Ch. Div. 1953), affirmed 27 N.J. Super. 279 (App. Div. 1953); Brown v. Brown, 28 N.J. Super. 165 (App. Div. 1953); Zieper v. Zieper, 14 N.J. 551 (1954).
There is considerable history to this litigation, a chronological statement of which follows:
In June of 1941 plaintiff instituted suit in the Second District Court of the City of Jersey City, against the firemen's and policemen's pension fund commission of the city, claiming that she was the widow of Edward C. Reeves and demanding that she be paid a pension of $1,000 per annum as his widow. Appended to her complaint was a demand that the defendant file a written specification of defenses. In response thereto, defendant filed 11 specifications which we somewhat abbreviate as follows:
(1) That plaintiff was not the wife of Edward C. Reeves at the time of his death.
(2) That Edward C. Reeves secured a final judgment of divorce against the plaintiff in Florida on May 9, 1940 at a time when he was a bona fide resident of the State of Florida.
*396 (3) That Edward C. Reeves was survived by a wife other than the plaintiff.
(4) That Reeves, prior to death, voluntarily withdrew as a member of the city pension fund.
(5) That Reeves failed and refused to make any contribution to the pension fund in accordance with the statute.
(6) That Reeves was not a member in good standing of the pension fund at the time of his death.
(7) That no proper or adequate proof had been furnished of the death of the said Edward C. Reeves or the date thereof.
(8) That Reeves had no widow or other dependents entitled to a pension from the defendant in accordance with the statute in such case made and provided.
(9) That plaintiff had furnished no adequate proof that she was ever the wife of the said Reeves.
(10) That plaintiff is not entitled to a pension from the defendant.
(11) Defendant denies each and every allegation in the state of demand.
The suit came on for hearing before Judge Hansen in the second district court in September of 1941, during which hearing there was introduced into evidence an exemplified copy of the Florida divorce decree; plaintiff was sworn and testified at the hearing; decedent's second wife, Jean Reeves, was likewise sworn as a witness. The following findings by the court were entered in that suit September 24, 1941:
"After a hearing on all of the evidence and the arguments of counsel, the court rendered a verdict in favor of the defendant, Firemen's and Policemen's Pension Fund Commission and against the plaintiff, Elizabeth M. Reeves."
That finding was followed by a recorded judgment which reads:
"Judgment in the above-entitled cause was entered in the (Second) District Court of Jersey City, Lewis G. Hansen, Esq., Judge, in favor of the said Defendant Firemen's and Policemen's Pension Fund Commission, and against the said Plaintiff Elizabeth M. Reeves, on the 24th day of September, A.D. 1941."
No appeal was taken from that judgment.
*397 In October 1941 plaintiff filed a bill in Chancery setting forth the same basic allegations respecting her right to a pension as was set forth in the district court suit; demanding judgment for the pension that had accrued up to the date of filing the bill and pleaded that the Florida divorce was a product of fraud, having been procured by perjured testimony, and that no process had been served on her in the cause. There was a motion to dismiss the bill on the grounds that it disclosed no equitable cause of action for the reasons that plaintiff had an adequate remedy at law; that the second wife of the decedent Reeves was a necessary party to the suit; that plaintiff was guilty of laches; that the Court of Chancery lacked jurisdiction; and that the matters raised by the bill were res judicata by reason of the aforesaid judgment in the Second District Court of Jersey City. An order was thereupon entered March 4, 1942, dismissing plaintiff's bill on the ground that the bill of complaint disclosed no cause of action, and that the court had no jurisdiction to grant the relief sought by the bill. No appeal was taken from that order dismissing the plaintiff's bill in Chancery.
After the dismissal of the Chancery suit and in May 1945 plaintiff instituted suit in the New Jersey Supreme Court against the City of Jersey City, the firemen's and policemen's pension fund commission, and the individuals (in their official capacity) composing the membership of the commission, to recover the pension she alleged to be due her. There was a motion to strike the complaint and Circuit Court Judge Thomas Brown, sitting as a Supreme Court Commissioner, granted the motion as to the defendant City of Jersey City on the ground that the city had no adverse interest against the plaintiff in the controversy and was not a necessary party for a complete determination of the questions involved in the suit. Leave was given to file an amended complaint. An amended complaint was thereupon filed in that suit and the city was again named as a defendant and the former controversy renewed. Again a motion was made to strike the complaint and was granted as to the City of Jersey City on *398 the same ground given in connection with the decision on the motion to strike the original complaint. An order was thereupon entered striking the amended complaint as to the City of Jersey City and final judgment was entered in favor of the city accordingly. As to the remaining defendants, the Supreme Court suit terminated by voluntary discontinuance entered March 14, 1946. That was the end of the Supreme Court action. No appeal was taken.
In January 1947 plaintiff filed a new suit in the Hudson County Court setting up the same facts contained in the state of demand filed in the district court in 1941. Defendants in that suit were the City of Jersey City, several individuals in their official capacity as members of the pension fund commission, the firemen's and policemen's pension fund commission of the city, and Potterton as treasurer of the city. In that suit plaintiff demanded judgment in such form as would establish her right as a widow to receive the pension payments and for the accrued payments due. An answer was filed denying that plaintiff was the widow of the decedent Reeves at the time of his death; denying that she was entitled to a pension; pleading 11 separate defenses, most of which amounted to a plea of res judicata by virtue of the 1941 judgment in the district court; and a separate defense setting up the Supreme Court judgment in favor of the city as a bar to the plaintiff from prosecuting her suit. In that suit an order was entered granting a separate trial as to the issue of res judicata raised by the defense. Judge Drewen in the County Court held that the 1941 judgment of the district court could not be collaterally attacked in the suit in the County Court and gave the plaintiff leave to apply to the district court in an attempt to have the 1941 judgment of that court vacated, altered, or amended to conform to what the plaintiff contended the district court judgment should show. Judge Drewen's decision in the matter is reported 16 N.J. Super. 231 (Cty. Ct. 1951). Plaintiff accordingly made application to the District Court to amend the 1941 judgment. A hearing was had thereon, resulting in an order filed March 17, 1952 denying the *399 plaintiff's application. In an opinion filed by the presiding judge of the Hudson County District Court, the court held it was impossible to determine on just what ground the original 1941 judgment had been entered. Notice of appeal from the order of the district court denying plaintiff's motion to vacate or amend the 1941 judgment was filed April 30, 1952, but on or about May 1, 1952 plaintiff served a countermand of the notice of appeal and further proceedings in the district court were apparently abandoned.
The parties then returned to the Hudson County Court which entered a judgment against the plaintiff on May 26, 1952 on the ground that the 1941 judgment of the district court constituted a bar to prosecution of the suit in the Hudson County Court. An appeal from that judgment was taken to the Appellate Division, which reversed the said judgment of the Hudson County Court on the ground that there was nothing before the County Court from which it could be determined whether the 1941 district court judgment was upon the merits or constituted only a ruling that it had no jurisdiction and that, hence, the County Court could come to no proper determination that the defense of res judicata was available to defendants. The opinion of the Appellate Division is reported 22 N.J. Super. 351 (1952).
The parties then returned to the Hudson County Court where further proceedings were had in which formal proofs were submitted to that court of the 1941 judgment in the district court, the judgment in the Chancery Court, and the judgment in the Supreme Court as recited above. That proceeding terminated in final judgment entered May 5, 1953 in favor of defendants and against the plaintiff upon the ground that the 1941 judgment of the district court was res judicata on the issues raised in the suit in the Hudson County Court and constituted a bar to the prosecution of the present suit. The reasons for the final judgment entered in the Hudson County Court are set forth at length in an opinion filed April 9, 1953, which is included in the appendix and reported 25 N.J. Super. 441 (Cty. Ct. 1953).
*400 From the final judgment last mentioned, a further appeal has been taken to the Appellate Division of this court.
It is, of course, well settled that the judgment of a court of competent jurisdiction on a question of law or fact, or on a question of mixed law and fact, once litigated and determined, is, so long as it stands unreversed, conclusive upon the parties and their privies. City of Paterson v. Baker, 51 N.J. Eq. 49 (Ch. 1893); Hancock v. Singer Mfg. Co., 62 N.J.L. 289 (E. & A. 1898); Hudson Transit Corp. v. Antonucci, 137 N.J.L. 704 (E. & A. 1948); 30 Am. Jur., Judgments, sec. 161; Restatement, Judgments, sec. 1. And where such prior judgment is founded on the claim or demand sued upon in the later suit, it is conclusive not only as to all matters which were actually litigated and decided, but also as to all matters which might have been properly raised in said prior suit. City of Paterson v. Baker, supra; In re Walsh's Estate, 80 N.J. Eq. 565, 569 (E. & A. 1912); Hudson Transit Corp. v. Antonucci, supra, at page 709; 30 Am. Jur., Judgments, sec. 165; 50 C.J.S., Judgments, § 657.
Appellant argues that the specification of defenses in the district court raises two issues, viz., (1) a defense on the merits, and (2) a question concerning the jurisdiction of the trial court; that it does not appear upon which defense the district court judgment was based; and that to make the district court judgment res judicata, defendants have the burden of showing that the judgment was based upon the meritorious defenses.
As a matter of law, we think the district court did have jurisdiction to pass upon the validity of the Florida decree. The amount involved in the district court suit was within the jurisdiction of that court and we know of no rule which would prevent that court from passing upon the validity of the Florida decree if the question were raised in the district court. Todd v. Policemen's, etc., Fund of City of Newark, 14 N.J. Super. 508 (Law Div. 1951).
There is authority for the statement that where a defendant pleads two or more defenses, one on the merits *401 and others not going to the merits, and judgment goes for the defendant, if the defendant seeks to rely upon such judgment as a bar to a subsequent suit for the same cause of action, he has the burden of showing that the judgment was on the merits, and if it does not appear at the trial of the subsequent suit whether the judgment pleaded in bar was based upon a meritorious defense, then the judgment is no bar to the prosecution of the second suit. Hughes v. United States, 4 Wall. 232, 71 U.S. 232, 18 L.Ed. 303 (1867); 30 Am. Jur., Judgments, sec. 172; 50 C.J.S., Judgments, § 626. However, proofs were taken in that suit in the district court in 1941. A judgment presupposes a finding of facts in favor of the successful party, even if such finding be not expressed in terms, and also presupposes that, in the opinion of the judge, the successful party is entitled to the judgment by the law arising upon the facts. Smith v. Cruse, 101 N.J.L. 82, 83 (E. & A. 1924); Mangani v. Hydro, Inc., 119 N.J.L. 71, 74 (E. & A. 1937); Frayne v. Bahto, 137 N.J.L. 109, 111 (Sup. Ct. 1948).
But our examination of the specifications of defense filed in the district court suit (pages 1a and 2a, respondent's appendix) does not reveal any attack upon or question raised concerning the jurisdiction of the district court to try the issues in that suit, nor does it reveal any defenses not going to the merits of the action. True, specification No. 2, after reciting the final decree of divorce entered in Florida in 1940 and its binding effect upon the plaintiff, ends with the phrase "* * * and cannot be attacked collaterally in this court." Without endorsing the correctness of that phrase, we do not think it raises a question of jurisdiction but rather attempts to raise the point that the Florida judgment is unimpeachable (which, of course, it is not).
No question was raised in the court below, nor in this court upon the argument of the appeal, but that there is a substantial identity of the things sued for; of the cause of action; of parties; and of quality in which the parties appear in the district court action in 1941 and in the present *402 suit resulting in the judgment from which this appeal has been taken.
We conclude, as did Judge Drewen in the Hudson County Court (25 N.J. Super. 441), that the judgment rendered in the district court in 1941 is res judicata on the issues raised in the present suit and that the judgment below must therefore be affirmed.