EMILIA COLOCHO, querellante y recurrente, *v.* ANITA HEBARD, querellada y recurrida.

*Número:* R-65-256          *Resuelto:* 28 de febrero de 1968

---

*Francisco Aponte Pérez* y *José A. Aponte Pérez,* abogados de la recurrente; *Beverley, Rodríguez & Reichard* y *William Estrella,* abogados de la recurrida.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

El Juez Asociado Señor Ramírez Bages emitió la opinión del Tribunal.

La recurrente Emilia Colocho radicó querella en contra de su patrono, la recurrida Anita Hebard, en la que alegó que la recurrente prestó servicios de atención personal debido a la condición de persona enferma de la recurrida, le ayudaba a llevar las cuentas de gastos de la casa y le prestaba otros servicios análogos y que la recurrente trabajaba dieciséis horas diarias, siete días a la semana. El tribunal de instancia concluyó que la recurrente estaba con la recurrida en el servicio doméstico y no tenía derecho a reclamar y por lo tanto desestimó su querella.

1.—Los primeros dos y el cuarto apuntamiento se relacionan con la apreciación de la prueba y más específicamente van dirigidos a impugnar la conclusión de que la recurrente estaba empleada en el servicio doméstico.

Para determinar si una persona está empleada en el servicio doméstico es necesario examinar la naturaleza del trabajo que rinde, si el mismo se desarrolla en el hogar del patrono, o fuera de él, pero en relación con el mismo, y si su labor principal es necesaria o deseable para servir a las necesidades y bienestar familiares, o al manejo o disfrute

de la casa o morada. *López Figueroa* v. *Valdés*, 94 D.P.R. 238 (1967).

El tribunal de instancia concluyó que la recurrente fue contratada para trabajar en el hogar de la recurrida mediante un sueldo de $80 semanales; que sus funciones incluían, entre otras cosas, "la limpieza liviana de la casa, . . . el cocinar, el lavado a máquina de la ropa y los demás quehaceres del hogar; que acompañaba a su patrona al supermercado a comprar víveres e igualmente la acompañaba a funciones de índole social que ésta tuviese que atender, sirviéndole así de compañía." Concluyó dicho tribunal, además, que "La Querellante, a pesar de sus funciones y labores domésticas en el hogar, y debido precisamente a la confianza que le tenía la Querellada y su familia, disfrutó en todo momento de un trato excepcional, siendo una compañía para la Querellada, y acompañando a ésta a funciones sociales tales como actividades teatrales, almuerzos en restoranes, etc."

La prueba aducida en este caso plenamente sostiene las anteriores conclusiones del tribunal. La propia recurrente testificó que:

Era enfermera en la República de El Salvador donde fue contratada para acompañar y cuidar a la recurrida en Nueva York; que posteriormente se trasladaron a Puerto Rico; que su labor consistía en preparar los alimentos de la querellada-recurrida, lavar la ropa en máquina y servirle de compañía al ver televisión, al salir de compras y a conversar. Tenía, además, la responsabilidad de la casa completa incluyendo el pago de las cuentas. Le ayudaba, además, a darse el baño personal y le hacía la limpieza liviana de la vivienda.

No hubo prueba de que la recurrente sirviera de enfermera de la recurrida. Por el contrario, aparece del récord que la querellante al ir a trabajar para la recurrida sustituyó a una persona que no era enfermera y que cuando

abandonó dicho empleo tampoco fue sustituida por una enfermera. El hecho de ser ella enfermera no fue factor importante para darle ese trabajo. Por otro lado, no se desprende de la evidencia que la recurrida necesitara los servicios de una enfermera.

Más bien este trabajo se le ofreció a la Sra. Colocho debido a que la conocían por muchos años, al hecho de haber ella trabajado para la familia Hebard anteriormente y a la confianza que ésta les brindaba.

■ Según el Art. 1474 del Código Civil (31 L.P.R.A. sec. 4112) debe entenderse por criado doméstico al "empleado para el servicio doméstico, ya sea para las atenciones personales del cabeza de familia o en general para el servicio de ésta."

■ Según Manresa,(a) Castán,(b) y Santa María,(c) (1) es rasgo principal que distingue al trabajador doméstico, el servicio directo de éste para el amo y su familia y la relación de domesticidad, conviviendo ordinariamente el trabajador doméstico con aquéllos. Los trabajos a que se refiere el servicio doméstico han de ser manuales y queda fuera de aquel concepto los que prestan los secretarios, profesores, institutrices, etc.

■ La Ley del Contrato de Trabajo de 1944 de España, define el servicio doméstico como "el que se presta mediante jornal, sueldo, salario o remuneración de otro género o sin ella, y que sea contratado, no por un patrono, sino por un amo de casa o morada particular al servicio exclusivo del contratante, de su familia o de sus dependientes, bien se alberguen en el domicilio del amo o fuera de él." El término criado doméstico fue definido en *Anderson* v. *Veland*, 267 N.W. 517 (Minn. 1936), como aquél cuya actividad y esfuerzo están dirigidos al cuidado y mantenimiento del hogar

---

(1) (a) *Comentarios al Código Civil,* Tomo 10, págs. 902–903 (5ta. ed.).
(b) *Derecho Civil Español, Común y Foral,* Tomo 4, pág. 475 (8va. ed.).
(c) *Comentarios al Código Civil,* Tomo 2, pág. 635.

y el factor determinante es la naturaleza del trabajo que realiza. Véanse, además, *In Re De Forest's Estate*, 15 N.Y.S. 2d 466 (1939); *Wiseman* v. *Phipps*, 28 N.Y.S.2d 971 (1940).

Convenimos con el tribunal de instancia, a la luz de lo expuesto, que la recurrente trabajaba en el servicio doméstico de la recurrida.

■ La Ley Núm. 379 de 15 de mayo de 1948, que establece la jornada de trabajo y el pago de un tipo doble de salario por las horas trabajadas en exceso de la jornada legal, en su Art. 16 (29 L.P.R.A. sec. 285), excluye de sus disposiciones "a personas empleadas en el servicio doméstico."

2.—En el cuatro apuntamiento se señala que incidió el tribunal de instancia al resolver que una persona empleada como doméstica tiene derecho, conforme al Art. 16 de la Ley Núm. 379, *supra*, a un día de descanso por cada seis de trabajo, pero carece de una causa de acción para, reclamar dicho día de descanso, si la compensación recibida por concepto de alimentos y habitación exceden la compensación a que tiene derecho a reclamar por el séptimo día. El tribunal de instancia concluyó, con razón a nuestro juicio, que la querellante trabajaba los siete días de la semana en sus funciones en el servicio doméstico de la demandada.

El Art. 16 de la Ley Núm. 379, *supra*, es aplicable a los hechos de este caso. Dicho artículo en su parte pertinente lee así:

"Las disposiciones de las secs. 271 a 288 de este título no se aplicarán a personas empleadas en el servicio doméstico; *Disponiéndose, sin embargo, que éstos tendrán derecho a un día de descanso por cada seis de trabajo.*" (Énfasis suplido.)

Se trata de una legislación cuyo principal objetivo es la efectiva protección de la salud, seguridad y vida de los trabajadores, mediante la eliminación de condiciones de explotación del trabajador a base de jornadas *excesivas*, con una disposición de exclusión que expresamente priva de esa pro-

tección a los empleados domésticos. Esa desigualdad en términos de protección y beneficios, entre el empleado plenamente amparado por la Ley Núm. 379, *supra*, y el empleado doméstico, se supone equitativamente balanceada con aquellas facilidades o beneficios intangibles que a éstos, y a veces a sus dependientes, *en adición a su salario* lo puede brindar la morada de un buen padre de familia, tales como, entre otros, albergue cómodo y seguro, comidas sanas, ropas adecuadas, servicios médicos y medicinas, trato cristiano, mejoramiento intelectual, recreación, uso de propiedades y convivencia familiar. *López Figueroa* v. *Valdés*, supra.

■ En el presente caso la recurrente tiene derecho, a tenor con la referida legislación, a un día de descanso por cada seis de trabajo. No habiendo disfrutado de dicho día de descanso, su patrono viene obligado a indemnizarle a un tipo de compensación *sencillo*. La Ley Núm. 379, *supra*, que fija un pago a tipo doble de salario por las horas trabajadas en exceso de la jornada legal, en su Art. 16, *supra*, excluye de sus disposiciones a personas empleadas en el servicio doméstico, con excepción de que les concede un día de descanso por cada seis de trabajo.

Por otra parte, la Ley Núm. 289 de 1946 (29 L.P.R.A. sec. 295), conocida como la Ley del Séptimo Día, se refiere a personas empleadas en establecimientos comerciales o industriales, empresas o negocios lucrativos que no estuvieren sujetos a las disposiciones sobre cierre al público. Como vemos, no es de aplicación al caso de autos.

■ Concluyó el tribunal de instancia que el sueldo de la recurrente incluía los siete días de la semana. No tiene razón. El sueldo semanal sólo incluye los seis días laborables ya que el séptimo día es de descanso. El séptimo día es del empleado, y no puede ser renunciado por ser ésta una cuestión de orden público.

■ No procede tampoco, compensar el pago de ese día de trabajo con la alimentación y vivienda que le provee el patrono. Precisamente, ese fue uno de los factores que tuvo en consideración el legislador para excluir de las disposiciones de la Ley Núm. 379, *supra*, al empleado doméstico. Sin embargo, aun considerando esos factores le reservó el derecho al día de descanso. Esto es indicativo que la alimentación y vivienda que le provee el patrono a su empleado doméstico es parte del contrato de trabajo y que no puede ser usado para compensar el trabajo realizado por éste durante su día de descanso.

Para determinar la compensación a que tiene derecho la recurrente se divide su salario semanal entre seis días de trabajo. Tal operación demuestra que el salario diario de la recurrente era de $13.33. Durante el período comprendido entre el 5 de enero de 1963 al 31 de julio de 1964, a que se contrae la reclamación, hay 81 séptimos días, que a $13.33 cada uno, hacen un total de $1,079.73.

3.—La contención en cuanto a las vacaciones carece de méritos. Del expediente surge que la querellante gozó de las vacaciones que ahora pide.

■ *En vista de lo expuesto, se revocará la sentencia dictada en este caso y en su lugar se dictará otra a favor de la recurrente por la suma de $1,079.73* ([2]) *a que ascienden los salarios que dejó de percibir durante los séptimos días comprendidos en el período entre el 5 de enero de 1963 y el 31 de julio de 1964, a que se contrae su reclamación.*

---

([2]) De acuerdo con lo dispuesto en el Art. 16 de la Ley Núm. 379, *supra*, la recurrente no tiene derecho a recobrar una suma igual por concepto de liquidación de daños y perjuicios provista por el Art. 13 de dicha ley (29 L.P.R.A. secs. 285 y 282). Tampoco la tiene de acuerdo con la Sec. 30 de la Ley de Salario Mínimo (Ley 96 de 1956—29 L.P.R.A. secs. 246b y 246h), pues la penalidad dispuesta por esta ley está limitada a obreros o empleados de la industria y la definición de industria expresamente excluye los del servicio doméstico. Tampoco tiene derecho a la penalidad adicional provista por la Sec. 9 de la Ley Núm. 2 de 1961 (32 L.P.R.A. sec. 3126), pues no se probó malicia.