El Juez Asociado Señor Rivera Pérez
emitió la opinión del Tribunal.
Por medio del presente recurso de certiorari se nos soli-cita que revisemos una sentencia del Tribunal de Apelacio-nes, la cual desestimó un recurso de revisión judicial. Me-diante el referido recurso se solicitó que se dejara sin efecto una resolución y orden emitida por la Oficina de Mediación y Adjudicación (OMA), adscrita al Departamento del Tra-bajo y Recursos Humanos. El foro apelativo intermedio re-solvió que debido a la norma deferencial hacia las agencias administrativas, debe entenderse que una dama de compa-ñía o dama acompañante no es lo mismo que un empleado doméstico y que por ello tienen derecho a vacaciones con paga, pues así lo resolvió la OMA.
Analicemos los hechos y el trámite procesal que dieron paso a la presente controversia.
I
Los hechos del presente recurso no están en controver-sia debido a que fueron estipulados por las partes. Veamos: el periodo comprendido en la reclamación comienza el 1 de febrero de 2004, fecha en que la Sra. Rafaela A. Olmo No-lasco comenzó a trabajar en la residencia de la Sra. Belén del Valle Torruella. La reclamación se extiende hasta el 1 de septiembre de 2005, cuando la señora Olmo Nolasco de-cidió renunciar voluntariamente al empleo. La señora Olmo Nolasco fundamentó su reclamación en la Ley Núm. 180 de 27 de julio de 1998.(1) Dicho estatuto establece, en-tre otras cosas, un beneficio de vacaciones pagas para al-gunos empleados y bajo ciertas condiciones.
En todo momento en el que la señora Olmo Nolasco tra-bajó para la señora Del Valle Torruella, su lugar de trabajo fue la residencia de la peticionaria querellada. La señora *467 Del Valle Torruella es una persona de edad avanzada, no trabaja y tampoco es una entidad ni individuo que se dedi-que a rendir servicios de cuido. La señora Del Valle Torrue-lla se dedica exclusivamente a ser ama de casa.
El trabajo de la señora Olmo Nolasco consistió en ser acompañante de la señora Del Valle Torruella, estar pen-diente de cualquier ayuda que ésta pudiera necesitar, asis-tirla alcanzándole o consiguiéndole algún objeto, atender el teléfono, la puerta de entrada de la residencia, preparar alimentos, asistirle cuando fuera necesario en el aseo personal, y cualquier otra tarea en el hogar de la señora Del Valle Torruella semejante a la función tradicional de una dama acompañante para el cuido de una persona de edad avanzada. En todo momento la señora Olmo Nolasco lle-vaba a cabo sus tareas en el ambiente familiar de la resi-dencia de la señora Del Valle Torruella. Valga aclarar que el trabajo de la señora Olmo Nolasco nunca fue de chofer.
La querellada peticionaria, señora Del Valle Torruella, goza de relativa buena salud, tiene su mente perfecta-mente hábil, bastante movilidad por sí misma usando en ocasiones un bastón. Ella atiende por cuenta propia mu-chas necesidades hogareñas y personales. Durante los pri-meros dos meses, la jornada laboral de la señora Olmo No-lasco era de ocho de la noche a ocho de la mañana, luego fue desde las seis de la tarde hasta las ocho de la mañana.
La señora Del Valle Torruella normalmente se duerme entre las ocho o nueve de la noche. Mientras ésta dormía, la señora Olmo Nolasco estaba libre para dormir en un cuarto separado preparado para ella, ver televisión, leer o atender sus asuntos personales. La única condición era que permaneciera en la residencia de la señora Del Valle Torruella para asistirla en cualquier necesidad que ésta pudiera tener. A pesar de ello, en ocasiones la señora Del Valle Torruella requería la asistencia de la señora Olmo Nolasco y no la recibía hasta el otro día cuando la quere-llante recurrida se levantaba. Hasta aquí los hechos esti- *468 pulados y con los cuales tanto la OMA como el Tribunal de Apelaciones atendieron la presente controversia.
El trámite procesal de este caso comenzó el 1 de mayo de 2006, cuando la señora Olmo Nolasco presentó una que-rella ante la OMA contra la señora Del Valle Torruella. La señora Olmo Nolasco alegó que tenía derecho a vacaciones adeudadas conforme a la Ley Núm. 180.(2) El 20 de febrero de 2007 se celebró una vista administrativa ante la OMA y ésta emitió una resolución en la cual determinó que proce-día el pago en liquidación de vacaciones. Esto debido a que la OMA entendió que ser una dama de compañía o dama acompañante no es lo mismo que ser una empleada doméstica.(3)
Inconforme con la Resolución de la OMA, la señora Del Valle Torruella presentó una reconsideración, la cual fue declarada “NO HA LUGAR”. Ante esta situación, la señora Del Valle Torruella presentó un recurso de revisión judicial ante el Tribunal de Apelaciones, quien emitió una senten-cia confirmando la Resolución de la OMA.(4)
Por lo anterior, la señora Del Valle Torruella acude ante este Tribunal para señalar en síntesis la comisión de los errores siguientes: Erró el Apelativo al no resolver que la Ley que crea la OMA es inconstitucional; al aplicar la norma deferencial hacia las agencias administrativas; al no revocar a la OMA y no determinar que la señora Olmo Nolasco es una persona empleada en el servicio doméstico excluida por las disposiciones de la Ley Núm. 180.
II
El señalamiento de error consistente en la inconstitucio-nalidad de la ley que crea la OMA carece de todo mérito. *469 Como bien señala la peticionaria querellada, un tribunal no entrará a resolver la constitucionalidad de una ley si puede resolver la controversia por otros medios.(5) La norma anterior es harta conocida y no merece mayor dis-cusión en la presente controversia.
La querellada peticionaria, señora Del Valle Torruella, alega que el Tribunal de Apelaciones erró al aplicar la norma deferencial a favor de las resoluciones de una agencia administrativa. La Ley de Procedimiento Administrativo Uniforme (L.P.A.U.) establece una norma de revisión judicial de los hechos, la cual le da suma deferencia y respeto a las resoluciones de las agencias administrativas. La norma se basa en el conocimiento especializado y la experiencia de las agencias administrativas, siempre y cuando estén basadas en evidencia sustancial que obre en el expediente administrativo. (6) Ahora bien, en el presente caso no existe tal situación debido a que los hechos fueron estipulados por las partes y no se trata de una situación de alta complejidad técnica que haya requerido un conocimiento especializado para resolver la controversia. En otras palabras, la deferencia que los tribunales deben darle a las resoluciones administrativas por su grado de especialidad en la materia, no esta aquí presente. Sólo hay que interpretar en esta instancia el Derecho y para ello ningún foro está más capacitado que un tribunal.
Meritorio es mencionar que la L.P.A.U. establece que “[Z]as conclusiones de Derecho serán revisables en todos sus aspectos por el tribunal”.(7) La norma sobre las conclu- *470 siones de derecho es obvia porque los tribunales como co-nocedores del Derecho no tienen que dar deferencia a las interpretaciones de derecho que hacen las agencias administrativas.(8) A pesar de lo expuesto, este Tribunal ha establecido que se le debe dar deferencia a la aplicación del Derecho que realiza una agencia administrativa sobre la interpretación de las leyes y los reglamentos que ésta administra. Por ello, no se puede descartar de forma liberal estas interpretaciones.(9) En el caso de autos la inter-pretación que hace la OMA no es sobre alguna ley o regla-mento de ésta, sino sobre la Ley Núm. 180. No debe olvidarse que es a los tribunales a quienes le compete inter-pretar las leyes y la Constitución. (10)
Es imprescindible reconocer que este máximo foro judicial no se ha expresado sobre lo que constituye una dama de compañía. Lo que sí hemos resuelto son las funciones correspondientes a un empleado doméstico.
Para determinar si una persona se dedica al empleo doméstico es imperativo analizar las funciones que ésta lleva a cabo. Por ello, resulta necesario analizar: la naturaleza del trabajo que realiza; si la labor se desarrolla dentro del hogar del patrono o fuera de él; pero lo más importante es analizar si la labor principal es deseable para atender las variadas necesidades familiares, así como favorecer su bienestar o si propicia un mayor disfrute de la residencia.(11) Este Tribunal atendiendo el presente recurso se ha dado a la tarea de interpretar la Ley Núm. 180 y determinar si una dama de compañía o dama acompañante cae o no dentro de lo que hemos reconocido como empleados domésticos.
*471 Según lo establecido en Colocho v. Hebard, 95 D.P.R. 796 (1968), las funciones realizadas por la querellante re-currida señora Olmo Nolasco son labores que caen dentro de lo que es un empleado doméstico. Este Tribunal reco-noce que desde que se emitió la opinión de Colocho no he-mos tenido oportunidad de abundar o ampliar más lo que constituye un empleado de servicio doméstico. Por ello, aprovechamos la ocasión para pautar lo que constituye un empleado en el servicio doméstico.
III
El diccionario de la Real Academia Española define do-méstico como “[perteneciente a la casa u hogar”; “[d]icho de un criado: [q]ue sirve en una casa”.(12) El Art. 1474 de nuestro Código Civil(13) dispone que un empleado domés-tico es considerado como la persona que atiende las nece-sidades del jefe de familia o a la familia en general.
Manresa, Castán y Santa María concurren en que la función que distingue al empleado doméstico es el servicio directo hacia el jefe de familia o a la familia en general, conviviendo generalmente el empleado con éstos.(14) Es de fácil apreciación que el servicio doméstico consiste en rea-lizar determinadas labores para beneficio directo del jefe de familia, su familia o algún dependiente. No es impres-cindible, sin embargo, que el empleado viva en la residen-cia de la persona que contrata sus servicios o en el de la persona a quien se los ofrece.
Analizando lo anterior podemos afirmar que un *472 empleado doméstico es la persona que ejerce funciones dentro de una residencia para beneficio de un miembro de la familia o a la familia en general. El término abarca per-sonas que realizan funciones de cocinero, camareros, ma-yordomos, sirvientes, ama de llaves, institutriz, niñeras, porteros, conseijes, lavado y planchado de ropa, guardia-nes, jardineros, servicios de compañía, entre otros. Estas funciones, como ya hemos mencionado, se limitan a los em-pleados que las realizan dentro de una residencia pero no impide el que ocasionalmente las provean fuera del hogar siempre y cuando el beneficio sea dirigido a un miembro de la familia o para la familia en general.
Claramente podemos ubicar a los empleados de compañía que brindan servicios en el hogar como empleados en el servicio doméstico debido a que las funciones que realizan benefician directamente al jefe de familia, su familia o algún dependiente.
Aplicando lo anterior al caso ante nos, y según se des-prende de las estipulaciones realizadas entre la quere-llante recurrida y la querellada peticionaria, claramente se puede apreciar que las labores de la señora Olmo Nolasco se realizaban dentro de la residencia de la señora Del Valle Torruella: le brindaba compañía, la asistía en sus necesi-dades alcanzándole algún objeto, atendía el teléfono, la puerta de entrada de la residencia, preparaba los alimen-tos y en ocasiones, cuando era necesario, la ayudaba en el aseo personal, entre otras tareas hogareñas, sin incluir la labor de chofer. Es imprescindible mencionar que según acuerdan las partes estas labores se realizaban en un am-biente familiar. Muestra de lo anterior es que la señora Olmo Nolasco contaba con un cuarto independiente prepa-rado para ella, en el cual podía ver televisión, leer o utili-zar su tiempo para atender sus necesidades personales cuando la señora Del Valle Torruella no necesitaba de sus servicios.

*473
Si bien es cierto que la Ley Núm. 180 establece unos beneficios de vacaciones, no menos cierto es que ésta excluye taxativamente a los empleados domésticos. El Art. 8 de esta ley dispone como sigue: “Las disposiciones de este capítulo no serán aplicables a: (1) Personas empleadas en el servicio doméstico en una residencia de familia, con excepción de los choferes....”

(15)

IV
Por lo anterior, nos resulta forzoso concluir que la contención en cuanto a las vacaciones acumuladas por la señora Olmo Nolasco carece de méritos. Las funciones realizadas por una dama de compañía o dama acompañante, como en el caso de autos, son propias de un empleado doméstico, los cuales están excluidos de la Ley Núm. 180.
Por todo lo antes expuesto, revocamos el dictamen recu-rrido emitido por el Tribunal de Apelaciones y devolvemos el presente caso a la OMA para la continuación de los pro-cedimientos acorde con lo expresado.
La Jueza Asociada Señora Rodríguez Rodríguez concu-rrió con el resultado sin opinión escrita.

 29 L.P.R.A. sec. 250 et seq.

 Íd.

 Véase Apéndice, págs. 55-80.

 Íd., págs. 133-147.

 Aswander v. Valley Authority 297 U.S. 288, 346 (1935); E.L.A. v. Aguayo, 80 D.P.R. 552, 597-598 (1958).

 3 L.P.R.A sec. 2175; Hernández Álvarez v. Centro Unido, 168 D.P.R. 592 (2006); Otero v. Toyota, 163 D.P.R. 716, 728 (2005); Metropolitana S.E. v. A.R.Pe., 138 D.P.R. 200, 213 (1995); Viajes Gallardo v. Clavell, 131 D.P.R. 275, 290 (1992); Murphy Bernabé v. Tribunal Superior, 103 D.P.R. 692, 699 (1975).

 3 L.P.R.A. sec. 2175. Véanse: Hernández, Álvarez v. Centro Unido supra; Martínez v. Rosado, 165 D.P.R. 582, 589 (2005); Misión Ind. P.R. v. J.P., 146 D.P.R. 64, 132 (1998).

 San Antonio Maritime v. P.R. Cement Co., 153 D.P.R. 374, 397 (2001).

 Martínez v. Rosado supra; Cruz v. Administración, 164 D.P.R. 341, 357 (2005); Misión Ind. P.R. v. J.P. supra.

 O.E.G. v. Rodríguez, 159 D.P.R. 98, 124 (2003).

 Colocho v. Hebard, 95 D.P.R. 796, 800-801 (1968); López Figueroa v. Valdés, 94 D.P.R. 238, 246 (1967).

 Diccionario de la Lengua Española Real Academia Española, 22da ed., Madrid, Ed. Espasa, T. 1, 2001, pág. 846.

 31 L.P.R.A. sec. 4112.

 J. SantaMaría, Comentarios al Código Civil Madrid, Ed. Rev. Der. Privado, 1958, T. II, pág. 635; J. Castán Tobeñas, Derecho civil español, común y foral 8va ed., Madrid, Inst. Ed. Reus, 1956, T. IV, pág. 475; J.M. Manresa y Navarro, Comentarios al Código Civil Español 5ta ed., Madrid, Ed. Reus, 1950, T. X, págs. 902-903.

 29 L.P.R.A. sec. 250f(a)(1).